<hr/>

STATE v. BEN WADE, JR.

[59 South. 880.]

1. RAPE.  *Attempt.*  *Indictment.*  *Allegation of failure.*  *Code* 1906, *section* 1049.
    An indictment under Code 1906, section 1049, charging an attempt to commit rape, need not allege that accused failed to commit rape upon the person of the prosecutrix, or that he was pre-vented from doing so.

2. SAME.
    The definition of an attempt to commit a crime is the same under this statute as under the common law, and since at com-mon law it is not necessary to allege that the defendant failed to commit, or was prevented from committing the crime attempted, it is not necessary under the statute.

APPEAL from the circuit court of Holmes county.

HON. MONROE McCLURG, Judge.

Ben Wade, Jr., was indicted for an attempt to commit rape. From a judgment sustaining a demurrer to the indictment the state appeals.

The facts are fully stated in the opinion of the court.

*Frank Johnston,* assistant district attorney, for the state.

The demurrer to this indictment contains two grounds stated in one paragraph of the demurrer. First: The indictment does not allege that the defendant failed to commit a rape on the person of Fannie Sample. Second: That it does not allege that said defendant was prevented from committing said rape on said Fannie Sample. The demurrer was sustained by the court below, and the indictment adjudged insufficient. The case was dismissed.

The indictment, unquestionably, charges that the defendant failed to commit rape, the principal crime, by the charge that he made the assault and battery upon the woman and used violence in so doing in an attempt to commit the main crime of rape.

According to every rule of grammatical and legal construction of the language employed, it appears, in the most unequivocal manner, that he did not commit the main offense, but only made an attempt to commit the offense; and necessarily a charge of attempt to rape involves logically and irresistibly the idea that he did not commit the main offense, but failed to commit the graver offense, and that the only offense involved and charged was the attempt to commit the graver offense of crime.

At common law the attempt to commit a rape was a crime irrespective of any statute. Section 1049 of the Code of 1906 so far as that crime is concerned, is simply declaratory of the common law rule. That statute declares that every person who shall "design and endeavor

to commit an offense, and shall do any overt act towards the commission thereof, but who shall fail therein, or shall be prevented from committing the same, on conviction thereof, shall be punished . . . ,'' and here follows the definition of the punishment. The statute contains the term, ''but who shall fail therein or shall be prevented from committing the same.'' These terms are not such as are required to be placed in an indictment for an attempt to commit an offense, for the reason that it is absolutely immaterial and inconsequential whether the defendant fails in his attempt, coupled with an overt act, to commit an offense, or whether he is prevented from so doing; this manifestly is correct as a fundamental proposition of law, for the reason that the crime of the attempt is complete when the design is formed, and an overt act has been done in pursuance of the commission of the main crime. Therefore, an indictment, giving time, place, and circumstances, and charging a man with an assault and battery upon a woman, with the felonious intention of ravishing her, or carnally knowing her, against her will or consent, makes a most complete and accurate exposition of the crime of attempt to rape, and must be regarded as containing all the elements that constitute a good and valid indictment. The mere charge that the action of the defendant began and ended with the attempt to commit the crime, makes out the offense, and that regardless of the reason why he did not succeed in committing the graver offense.

The definition of the crime, by all the authorities, of an attempt, is that there must be a design, coupled with an overt act. In other words, the defendant must take at least one step towards the commission of the design, beyond a mere preparation, and aside from his original design. See 12 Cyc. 177, par. 2, and cases cited in note 97. See also 12 Cyc. 178, and cases cited in note 98.

Again I find the rule in regard to an attempt to commit this offense stated thus:

"It is only necessary, in an attempt to commit this crime that the facts must show that the defendant intended to commit the crime (that is, the main crime), notwithstanding resistance on the part of the woman, and that that intention exists, and the overt act is shown in the attempt to consummate this crime in pursuance of the intention to commit this crime, and that this makes the attempt complete." See 4 Am. & Eng. Ency. of Law, p. 663.

And again the rule is stated to be: "An attempt to do a wrongful act, coupled with an overt act towards its commission, constitutes an attempt which is itself a crime." See Am. & Eng. Ency. of Law (1 Ed.), p. 663.

I call the court's attention briefly to some cases illustrative of this subject.

It has been held that where a man makes an attempt to pick a pocket by thrusting his hand into it, and does not succeed because there happens to be nothing in the pocket that he can steal, that it makes the offense of an attempt complete. *Commonwealth* v. *McDonald*, 59 Mass. (5 Cush.) 365.

It has also been held that where a man makes an attempt to steal by breaking open a trunk, though he does not steal anything in fact, that this fact constitutes an attempt. *Commonwealth* v. *McDonald, supra.* So, on the same line, are the following cases:

*Peoples* v. *Jones,* 46 Mich. 441; *State* v. *Wilson,* 30 Conn. 500; *Hamilton* v. *State,* 36 Ind. 250; *Spears* v. *Ohio,* 20 Ohio St. 584.

An attempt to destroy a vessel to recover insurance, though in fact there was no insurance, constitutes the crime of an attempt. *United States* v. *McLean,* Cir. Ct. Rep. 513.

In another line of cases it is held that an attempt to produce a miscarriage, when in fact the woman, who is the subject, was not pregnant, that the offense of an attempt is complete. *Wilson* v. *State,* 20 Ohio, *supra.*

I have not been able to find any authority in the case of an indictment for an attempt to commit a crime, where the time, place, and circumstances are all carefully given, where the felonious intention was described, and the overt act accurately described, and the crime is charged as an attempt, where it has been held that such an indictment should be dismissed, because it did not go further and explain why the attempt as charged was not successful. Manifestly, for the reason that it is wholly immaterial why the attempt was unsuccessful, if it was in itself complete as an attempt to commit the main crime.

Whether the defendant desisted voluntarily after having committed the crime of the attempt, or whether he had been prevented, are not elements entering into the crime in the slightest manner or degree. They are wholly unconsequential, and although the defendant may voluntarily desist, after having made the overt act, and begun the attempt, he is guilty of an attempt. Therefore, it is illogical to contend, and there is no possible reason for the contention that an indictment, after describing the offense in the most accurate terms, as to time, place, persons and circumstances, should explain why the main crme was not committed, or was not successful.

This argument contains a full presentation of both the objections to the indictment contained in the demurrer.

SMITH, C. J., delivered the opinion of the court.

This is an appeal by the state from a judgment sustaining a demurrer to an indictment charging appellee with an attempt to commit the crime of rape. The indictment alleged " . . . that Ben Wade, Jr., in said county, on the 13th day of March, A. D. 1912, did unlawfully and designedly, with actual violence, make an assault upon the body of one Fannie Sample, a female, and said Ben Wade, Jr., therein did then and there lay

hold of the body of the said Fannie Sample, and her, the said Fannie Sample, did then and there throw her, said Fannie Sample, upon the bed of said Fannie Sample, then and there situate, with the felonious intent, design, and endeavor her, the said Fannie Sample, violently, knowingly, forcibly, and against her will feloniously to ravish and carnally know, against the peace and dignity of the state of Mississippi." The ground of the demurrer is that the "indictment does not allege that the defendant failed to commit rape on the person of said Fannie Sample, nor that said defendant was prevented from committing said rape on said Fannie Sample."

Section 1049 of the Code provides that "every person who shall design and endeavor to commit an offense, and shall do any overt act towards the commission thereof, but shall fail therein, or shall be prevented from committing the same, on conviction thereof," etc. This definition of an attempt to commit a crime is the same as at common law, and since at common law it is not necessary to allege that the defendant failed to commit, or was prevented from committing, the crime attempted (Bishop's Directions and Forms [2 Ed.], secs. 100 to 112, inclusive, and 910 and 911), we see no reason why it should be necessary to so allege under the statute. In order to charge an attempt to commit a crime, it is only necessary to allege an attempt so to do, coupled with an act toward it, falling short of the thing intended.

*Reversed and remanded.*