## PRUITT, CONSTABLE v. STATE.

[76 South. 761, Division A.]

1. OFFICERS. *Removal from office. Indictment. Sufficiency. Code 1906, Section 1309.*

   Under Code 1906, section 1309, providing that an officer who shall be drunk when called on to perform the duties of his office shall be removed, it is necessary that the indictment should set out the particular duty which the defendant was called upon to perform at the time he is alleged to have been drunk.

2. SAME.

   It is a universal rule that it is essential to the validity of an indictment that the material facts constituting the offense must be alleged with certainty.

3. SAME.

   Merely being drunk occasionally, while not discharging a duty, nor being called upon to do so would not come within the statute.

4. INDICTMENT. *Insufficiency. Curing by bill of particulars. Code 1906, Section 1309.*

   Where an indictment under section 1309, Code 1906, providing for removal of officers if drunk when called upon to perform a duty was insufficient for not alleging the particular duty the officer was called upon to perform, such indictment was not cured by a bill of particulars furnished by the district attorney.

5. STATUTE. *Indictments. Additional averments.*

   It is well settled law in this state that indictments under a statute must go further than the language of the statute where it is necessary to charge the facts in order to inform the accused of the nature and cause of the accusation.

APPEAL from the circuit court of Jones county.
HON. PAUL B. JOHNSON, Judge.

W. A. Pruitt, a constable, was convicted of being drunk when called upon to perform a duty of his office and appeals.

The facts are fully stated in the opinion of the court.

R. L. Bullard, for appellant.

The demurrer to the indictment ought to have been sustained for two reasons: (A) It does not specify the official duty the defendant was called upon to perform; and, (B) It is not alleged that it occurred within the territorial limits of Pruitt's official authority.

It is elementary that whatever is necessary to be established in evidence is necessary to be alleged in pleading, and especially is this true in criminal law. The section of law in question makes it an offense for an officer to be drunk, "when called upon to perform the duties of his office." Now if it should be held that the offense is not complete if one is merely drunk when called upon to perform one or two of his official duties, then this indictment would be sufficient, for it charges, in effect that he was called upon to perform all the duties of his office at one and the same time. But this is absurd. No one will contend that guilt will not attach to any officer who is drunk when called upon to perform any duty of his office. Therefore, under the familiar rule that when indictments are drawn under statutes thus broad, the pleader must go beyond its mere wording to the specific act or thing, it was necessary to specify the particular act he was called to perform.

And it does not help the indictment that a bill of particulars was furnished. A bill of particulars, always largely within the discretion of the court, is designed to aid the defendant during the trial. It is of a temporary nature, may be amended, stricken from the record, withdrawn, modified or dealt with in many ways. When the trial is over, its office is done, while the indictment is a forever-lasting record, which together with the judgment, constitutes the defendant's bulwark against future prosecutions for the same offense, and in the performance of this office it stands alone.

The foregoing propositions, and their applicability, rest upon elementary principals of pleading and construction that are familiar, and as there is nothing here but for the court to determine whether or not the principal is of enough importance to necessitate a reversal. I will not discuss them further. I cannot contend that, so far as his counsel and the actual trial was concerned, the defendant was prejudiced thereby, but it does not follow that he may not be indicted again. Then he would experience the deep need of an indictment that was sufficiently specific.

I submit that for the failure of the evidence to show that he was called upon to perform any official duty, the defendant ought to be discharged, but that in any event the cause ought to be reversed.

*Earl N. Floyd,* for appellee.

The appellant interposed a demurrer to the indictment, the overruling of which constitutes the first of the alleged errors argued in his brief. He argues that the indictment is insufficient in that (1) it does not specify the official duty the appellant was called upon to perform; and (2) it is not alleged that it occured within the territorial limits of Pruitt's official authority. The indictment, *supra,* alleges that on the 26th day of February, 1917, the appellant was called upon to perform the duties of the office, without describing further the specific duties in question. However, a bill of particulars was furnished by the state, as shown by page 8, of the record, setting out in full detail the nature of the duties, and the appellant cannot be heard to say that he was not sufficiently apprised of the nature of the accusation against him.

The evidence shows that the state offered abundant proof of the appellant's intoxication and that if the facts testified to be believed to be true, the appellant was

beyond question in the condition of drunkenness contemplated by the statute under which he was indicted. The case presents no necessity for defining the twilight zone between exhilaration and intoxication as the evidence measures up to every requirement of the latter term, however, if the court desires authorities on this point, I refer them to the case of *State ex rel.* v. *Baughn*, 143 N. W. 1100 50 L. R. A. (N. S.) 912.

The whole evidence considered, I submit that none of the errors assigned by the appellant are well taken and that since the evidence shows rather conclusively that the appellant was drunk when he was called upon to attend to an official duty during the business hours of his office, the verdict of the jury and judgment of the court removing him from office should be sustained by this court.

HOLDEN, J., delivered the opinion of the court.

This is an appeal by W. A. Pruitt, a duly elected, qualified, and acting constable of the second district of Jones county, who was convicted on a charge of being drunk when called upon to perform the duties of his office. The record shows that a local justice of the peace issued a writ of attachment and delivered it to appellant to be served by him. Appellant did not serve the writ, but turned it over to a doctor whom he attempted to deputize to serve it; appellant claiming that he refused to serve it because it was void. It does not appear how the doctor could have made it valid. The state contended and offered proof tending to show that the reason appellant did not serve the writ was because he was drunk at the time. The doctor returned the writ to the justice of the peace. There was a sharp conflict in the testimony as to whether or not appellant was really drunk at the time when he was called upon to perform this duty of his office. Several

witnesses testified for the state that in their opinion the appellant was drunk on that occasion, and stated that they were with the appellant, and saw, heard, and smelled the evidences of drunkenness manifested by the appellant. This proof by the state was disputed by several witnesses who testified for the defendant below. The appellant Pruitt testified in his own behalf that he was not drunk, and that during the day he had taken only one "pretty good sized drink of sorry whisky and felt the effects, and it flared up in his face," but that he was not in fact drunk. It is in proof that appellant had a natural florid complexion, and that this color of the appellant's face on this occasion was probably deceptive, and that such appearance was not caused by intoxication, but was on account of nature's provision. We also observe that the alleged offense here occurred during the Christmas holidays.

The indictment is based upon section 1309, Code 1906, which reads: "Any officer who shall be guilty of habitual drunkenness, or who shall be drunk while in the actual discharge of the duties of his office, or when called on to perform them, may be indicted therefor, and upon conviction, shall be removed from office."

The indictment charging the offense is as follows: "The grand jurors of the state of Mississippi, elected, summoned, impaneled, sworn and charged to inquire in and for the Second judicial district of Jones county, state of Mississippi, at the term aforesaid, of the court aforesaid, in the name and by the authority of the state of Mississippi, upon their oaths present that W. A. Pruitt, on the 26th day of February, 1917, in the county and district aforesaid, was the duly elected, jualified, and acting constable of justice of the peace beat No. 2 in said county, and holding such office was called upon to perform the duties thereof, and when so called upon was then and there unlawfully drunk, against the peace and dignity of the state of Mississippi."

The appellant complains here that several errors were committed by the lower court; but we deem it unnecessary to consider but one of these assignments and that is, it is contended by appellant that the lower court erred in overruling the demurrer to the indictment, because the indictment failed to charge the particular official duty, or duties, that the appellant was called upon to perform at the time that he is alleged to have been drunk. When the demurrer to the indictment was overruled by the lower court, the district attorney furnished the defendant with a bill of particulars, stating specifically what official duty the defendant was called upon to perform at the time he was drunk, which duty was to serve a writ of attachment. The case then proceeded to trial, which result in a verdict of guilty, and judgment.

It will be observed from a careful reading of section 1309, Code 1906, that the statute provides that an officer may be guilty under any one of three different states of facts. That is, he may be guilty of habitual drunkenness; or he may be guilty if he is drunk while in the actual discharge of the duties of his office; or he may be guilty if he be drunk when called upon to perform any one of the duties of his office.

The indictment in this case is based solely upon the latter clause; that is, that the defendant was drunk when called upon to perform one of the duties of his office. This being true, it was necessary that the indictment set out the particular duty which the defendant was called upon to perform at the time that he is alleged to have been drunk. It is a universal rule that it is essential to the validity of an indictment that the material facts constituting the offense charged must be alleged with certainty. If the rule were otherwise, former jeopardy could not be subsequently availed of by the accused on indictment for the same offense. In the case before us the rule is peculiarly applicable, for the reason

that the official duties of the appellant were·numerous and different, and it was his right to know from the indictment what particular official duty he was called upon to perform while drunk. Merely being drunk occasionally, while not discharging a duty, nor being called upon to do so, would not come within the statute.

The bill of particulars furnished by the district attorney, setting out the particular duty that the defendant was called upon to perform while drunk, did not cure the fatal defect in the indictment, for the very simple reason that the duty which the defendant was called upon to preform as set forth in the bill of particulars furnished by the district attorney may not have been the particular duty which the grand jury had in mind when it returned the indictment in the case. In furnishing the bill of particulars the district attorney attempted to do that which only the grand jury could do; that is, to definately charge the particular duty the defendant was called upon to perform while drunk.

It is contended by the state that the indictment is sufficient, as it follows the language of the statute, and that, furthermore, the bill of particulars supplied the defect, if any, in the indictment. This contention cannot be upheld, as it is well-settled law in thas state that the indictment must go further than the language of the statute where it is necessary to charge the facts in order to inform the accused of the nature and cause of the accusation. It clearly appears that the language of the statute here in question is such as to make it necessary for the indictment to definitely set out the facts sufficiently to inform the accused of the specific offense charged, so that he may properly prepare his defense thereto and be able to successfully plead former jeopardy. As we have already stated the bill of particulars did not, and cannot, cure the defect in the indictment. Therefore we hold that the indictment in this case is

fatally defective, and the lower court erred in over-ruling the demurrer filed thereto.

The lower court having erred in overruling the demurrer to the indictment, the judgment will be reversed, and the case remanded.

*Reversed and remanded.*