CLEVELAND *v.* STATE.

[92 South. 555. No. 22464.]

CRIMINAL LAW. *Disorderly conduct. Evidence held not to sustain charge of using profane language in public highway; criminal statutes not enlarged or extended beyond letter.*

An indictment under section 1028, Hemingway's Code (section 1295, Code of 1906), charging a person with using profane language in a public highway in the presence of two or more persons, is not sustained by proof that the language alleged was used at the residence of the defendant from 50 to 75 yards from the highway. Criminal statutes will not be enlarged or extended to embrace offenses not within its letter.

APPEAL from circuit court of Forrest county.

HON. R. S. HALL, Judge.

Tom Cleveland was convicted for cursing in a public highway in the presence of two or more persons, and he appeals. Reversed, and defendant discharged.

*A. E. Anderson,* for appellant.

The 7th assignment of error should reverse this case for the reason that the court failed to sustain a motion to exclude the evidence of the state and find for the appellant for the reason that the state's own witness Bell and all evidence. in the case shows that it was about 50 or 75 yards from any public highway where the appellant's home is, and that the language in the indictment was in the appellant's private home 50 or 75 yards from any public highway, while the indictment charges that the appellant used the language on the public highway and that it developed in the trial in this case, that it was in appellant's private home if at all used, the most private place known to man. For a construction of section 1112, Code of 1906 and the construing of the statute, see *Quin* v. *The State,* 56 Miss. 479, also see *The State* v. *Moore,* 24 So. 308. If you will take notice in these cases of an abusive language in yards is not sustained by proof of its used near the yards so the indictment and the proof in the case at bar conflicts and a variance between the indictment and the proof in this case should be reversed and dismissed.

*W. M. Hemingway,* assistant attorney-general for the state.

The serious question in this case is as to whether the charge can be sustained under the section of the Code referred to. The evidence has been decided upon by the jury, and the driver of the wagon and district attorney did right in not having the children that were being transported to appear in court and testify.

This charge could be sustained under the common law, which prohibits the use of profane language. The court

is referred to *Stewart* v. *State,* 32 L. R. A. (N. S.) 505; *City of St. Louis* v. *Slupsky,* 49 L. R. A. (N. S.) 919, 32 Cyc. 579B, 580, note 21; *Garee* v. *State,* 71 Ala. 7.

ETHRIDGE, J., delivered the opinion of the court.

Appellant was indicted and convicted for cursing in a public highway in the presence of two or more persons under section 1295, Code of 1906 (Hemingway's Code, section 1028), as amended by the Laws of 1912, c. 212, which reads as follows:

"If any person shall profanely swear or curse, or use vulgar and indecent language, or be drunk in any public place, in the presence of two or more persons, he shall, on conviction thereof, be fined not more than one hundred dollars."

The proof shows that the cursing by the appellant was done on the gallery of his home, which was from 50 to 75 yards away from the Dixie Highway. At the time of the cursing the prosecuting witness had stopped a wagon in which school children were being transported to let some of the appellant's children get out, and while he was in the highway in front of appellant's home appellant used the language attributed to him. There were a number of children present.

It will be seen from the statement that the language was not used in the highway, and it will be noted from the language of the statute that the thing prohibited is the use of language in a public place. It is familiar learning that criminal statutes will not be expanded by construction to embrace offenses not clearly coming within the terms of the statute. It may be that the appellant was guilty under another section of profanely cursing or swearing in the hearing of a female, but the proof does not show that the offense denounced by the statute under which he was indicted was made out by the proof in this case. We notice no other assignment of error.

The judgment will be reversed, and the appellant discharged.

*Reversed, and appellant discharged.*