## STATE v. BURTON.*

(Division A.  Feb. 7, 1927.)

[111 So. 300.  No. 26231.]

1. INDICTMENT AND INFORMATION. *Indictment for attempt must allege act is adapted to effectuate purpose of offense, except where act alleged is manifestly adapted.*

   Indictment for attempt to commit an offense must allege some overt act intrinsically adapted to effectuate purpose; but, where act alleged is manifestly adapted to effectuate purpose, it is unnecessary to charge that it was so adapted.

2. INTOXICATING LIQUORS. *Indictment for attempting to manufacture liquor need not allege that assembling fuel at distillery to burn in manufacturing liquor is adapted therefor.*

   Indictment for attempting to manufacture intoxicating liquor, alleging assembling of wood and fuel at distillery for purpose of burning it in manufacture of liquor, need not allege that such act is adapted for purpose, because of fact that it was manifestly adapted therefor.

---

*Corpus Juris-Cyc. References: Indictment and Information, 31CJ, p. 742, n. 29; Intoxicating Liquors, 33CJ, p. 730, n. 56 New. As to necessity of alleging overt act done toward commission of offense, see 14 R. C. L. 185; 6 R. C. L. Supp. 802.

APPEAL from circuit court of Quitman county.

HON. W. A. ALCORN, JR., Judge.

Prosecution by the state against Zeno Burton for attempting to manufacture intoxicating liquors. Judgment sustaining the demurrer to the indictment, and the state appeals. Reversed and remanded.

*Brewer & Brewer,* for appellee.

The indictment in this case fails to allege that the acts complained of therein were, and are, adapted to effectuate a commission of the offense of manufacturing in-

toxicating liquors. This allegation is absolutely necessary. *State* v. *Wilson,* 30 Conn. 500; *Stapleton* v. *State,* 95 So. 86; *Anthony* v. *State,* 29 Ala. 27; *U. S.* v. *Ford,* 34 Fed. 26; 2 Wharton's Criminal Law, sections 2703-05.

*J. A. Lauderdale,* Assistant Attorney-General, for the state.

For cases passing upon the validity of indictments under section 777, Hemingway's Code, see *State* v. *Wade,* 102 Miss. 711; *Cunningham* v. *State,* 49 Miss. 685; *Stapleton* v. *State,* 130 Miss. 737.

The indictment in the case at bar alleges that the wood and fuel were gathered and carried to the distillery. The strict meaning of a distillery is a place or building where alcoholic liquors are distilled or manufactured. Abbott's Law Dictionary; Words and Phrases; Black's Law Dictionary; *Atlanta Dock Co.* v. *Libby,* 46 N. Y. 499.

Under the law of Mississippi the possession of a distillery is a crime. In an indictment under said statute charging said crime, it is sufficient to allege that the defendant had a distillery in his possession. It is unnecessary to allege that intoxicating liquor could be manufactured therein. It is certainly unnecessary to allege in an indictment that wood and fuel are necessary and adapted to use in the manufacture of intoxicating liquors.

Cook, J., delivered the opinion of the court.

In the circuit court of Quitman county, the grand jury returned an indictment against the appellee, Zeno Burton, charging him with attempting to manufacture intoxicating liquors, the indictment charging that he "did, then and there, willfully, unlawfully and feloniously and designedly endeavor, design and attempt to commit a certain offense prohibited by law, to-wit, to willfully, unlawfully and feloniously make, manufacture and distill spirituous, vinous, malted, fermented, alcoholic and intoxicating liquor; and he, the said Zeno Burton, in furtherance of his said willful and felonious intent and pur-

pose aforesaid and in furtherance of his said felonious attempt and design, aforesaid, did, then and there, willfully, unlawfully and feloniously collect and gather and bring to the distillery, there situated, wood and fuel, with the willful, unlawful and felonious purpose and intent of him, the said Zeno Burton, then and there, willfully and feloniously to use and burn the said wood and fuel to willfully and feloniously make, manufacture and distill vinous, malt, spirituous fermented, alcoholic and intoxicating liquor, contrary to the statute in such cases made and provided, and against the peace and dignity of the state of Mississippi.'' To this indictment the appellee demurred on the ground, among others, that the indictment fails to allege that the acts complained of therein were and are adapted to effectuate a commission of the offense of manufacturing intoxicating liquors. The court below sustained the demurrer on this ground, and from the judgment entered, the state prosecuted this appeal.

In an indictment for an attempt to commit an offense it is essential that some overt act which is intrinsically adapted to effectuate the purpose should be alleged, but where the act alleged is manifestly adapted to effectuate the purpose it is unnecessary to charge that it is so adapted. The assembling of wood and fuel at a distillery for the purpose of using and burning the same in the manufacture of liquor in such distillery is an act so manifestly adapted to effectuate the purpose that it is not necessary to charge in an indictment for attempting to manufacture liquors that such act is so adapted. The demurrer should have been overruled.

*Reversed and remanded.*