STATE *v.* SAM.*

(Division B. May 6, 1929.)

[122 So. 101. No. 27720.]

*Corpus Juris-Cyc References: Indictments and Informations, 31CJ, section 181, p. 664, n. 29; section 257, p. 703, n. 86. On necessity of charging every essential element of statutory offense in indictment. see 14 R. C. L. 185; 4 R. C. L. Supp. 885; 5 R. C. L. Supp. 751; 6 R. C. L. Supp 802; 7 R. C. L. Supp. 455.

*J. A. Lauderdale,* Assistant Attorney-General, for the state.

REPORTER'S NOTE: No brief was found for appellee in the record.

ETHRIDGE, P. J. The appellee, J. W. Sam, was prosecuted in the justice of the peace court for violating section 942, Hemingway's Code of 1927 (chapter 172, Laws of 1924). He was convicted in this court, and appealed to the circuit court of Lawrence county, where a demurrer to the affidavit was interposed and sustained by

the circuit court, and the defendant discharged. The affidavit reads as follows:

"Personally appeared before me, the undersigned authority in and for said county and state, the within named H. E. Graves, who, being by me first duly sworn, says on oath that J. W. Sam, in district No. 1 of said county and state, on or about the 18th day of January A. D. 1928, did lawfully issue and deliver unto Paul Expose, for value, his certain check of the words and figures, as follows:

" 'Monticello, Mississippi, Jan. 18, 1928. No.

" 'Bank of Monticello:

" 'Pay to the order of Paul Expose $15.00 Fifteen & No/100 Dollars.

" 'J. W. SAM,'

—when he, the said J. W. Sam had insufficient funds on deposit in the said Bank of Monticello with which to pay said check, or after issuing and delivering said check did withdraw or cause to be withdrawn any balance to his credit, without leaving with such bank a sufficient sum to cover said check, and that said check has been duly presented to said bank for payment, and same has not been paid, against the peace and dignity of the state of Mississippi.                          H. E. GRAVES.

"Sworn to and subscribed before me this the 7th day of July, A. D. 1928. W. E. Driver, Mayor of Monticello, and *ex-officio* Justice of the Peace."

The state appeals from the order sustaining the demurrer.

Section 942, Hemingway's Code of 1927, reads as follows:

"If any person shall make, issue and deliver to another person, for value, any check, draft or order on any bank or other depository and thereby obtain from such other person any credit, money, goods or other property of value, and have no funds, or have insufficient funds,

on deposit to his credit in said bank or depository with which said check, draft or order may be paid, or who, after having made, issued, uttered or delivered any check or draft or other order for the payment of money upon any bank or other depository shall withdraw or cause to be withdrawn, the money or any part thereof, to the credit of the maker of such draft, check or other order for the payment of money without leaving with such bank or other depository a sufficient sum to cover such check, draft or other order for the payment of money, and same shall not be paid by such bank or depository on presentation, he shall be guilty of a misdemeanor, if the amount of the check, draft or order be under twenty-five dollars ($25), and upon conviction thereof, he shall be fined not less than the amount of such check, draft or order and not exceeding one hundred dollars ($100), or imprisoned in the county jail not less than one day nor more than thirty days, or both such fine and imprisonment, at the discretion of the court; and if the amount of the check, draft or order shall be twenty-five dollars ($25) or more, he shall be guilty of a felony and on conviction shall be imprisoned in the penitentiary not less than six months nor more than two years, and the drawer of such check, draft or order shall be prosecuted in the county in which he delivered the same, or in the county of the bank or depository on which it is drawn, wherever prosecution may be first begun.

"Prosecution under this act may be begun immediately, but if the person who makes, issues and delivers any such check, draft or order shall, within ten days from the time he receives written notice of the nonpayment of such check, draft or order, pay the same, together with all lawful protest fees, interest and damages, if any, he shall not be prosecuted under this act, and any prosecution that may have been begun within the time above mentioned shall, if payment of such check, draft

or order, protest fees, interest and damages, if any, be made as aforesaid, be dismissed on payment of the costs of prosecution by defendant. Said written notice may be given by said bank or other depository or by the payee or drawee in said check, draft or order, or by any officer who shall protest same. And the mailing, post-paid to the last known post office address of the maker, or drawer of such check, draft or order, shall be *prima-facie* evidence of the receipt of such notice.''

It will be seen from a careful reading of this section that the gist of the offense denounced by section 942 is the obtaining from such other person any credit, goods, property or value, and having no funds, or insufficient funds, on deposit to the credit of the maker of the check, etc. In other words, the statute does not intend to inflict the punishment therein prescribed for giving a check without any consideration therefor, or as a gratuity, or in payment of a debt already contracted, but it was intended to prevent the obtaining of property or credit by giving a check under the circumstances named in the statute.

The affidavit does not contain any allegation as to what property or money or credit was obtained by the giving of the worthless check. The affidavit also uses the disjunctive ''or'' as contained in the statute, wherein it is provided: ''And have no funds, or have insufficient funds, on deposit to his credit in said bank or depository with which such check, draft or order may be paid, *or* who, after having made, issued, uttered or delivered any check or draft or other order for the payment of money upon any bank or other depository shall withdraw or cause to be withdrawn, the money or any part thereof,'' etc.

The rule is that, where a statute makes one or two or more different things a violation of the law in one section, the charge may be made by using the conjunctive ''and,'' instead of the disjunctive ''or,'' and a person

in the same affidavit or indictment may be tried for doing all of the said things, and may be convicted on proof of any one of them being done in the manner forbidden by the law making it an offense. In volume 10 of the Enc. of Pleading & Practice, p. 490, title "Indictment," it is said:

"*Alternative Charge—Use of Disjunctive.*—Where the means of committing an offense are expressed in the disjunctive, or where several acts taken together make one offense, though only one need be shown, they must be charged with the conjunction, and an alternate charge is not sufficient unless the terms connected by the disjunctive in the statute are synonymous."

In the same volume, same title, page 536, head "Conjunctive and Disjunctive Averments," is the following:

"When a statute enumerates several acts in the alternative, the doing of any of which is subjected to the same punishment, all of such acts may be charged cumulatively as one offense. And where the statute provides in the alternative several means by which the offense may be committed, or where the intent or purpose is set out in several aspects disjunctively, they may all be charged in setting out one and the same offense. But the rule has been limited in its application to cases where the offenses created in the statute are not repugnant, either in themselves or in the punishment therefor."

"While it is permissible to charge an offense in the manner stated in the preceding paragraphs, it is equally true that the charge of such acts may not be made in the alternative, because such a charge would not be sufficiently certain, and where the statute uses the disjunctive 'or,' the indictment must use the copulative 'and,' unless the disjunctive is used in the statute in the sense of 'to-wit,' or as indicating that the terms preceding and following it are synonymous."

In *Miller* v. *State,* 130 Miss. 730, 95 So. 83, these rules are recognized, and in the second syllabus of that case it is said:

"Under section 26 of the Constitution of 1890, an accused is entitled to be informed of the nature and cause of the accusation against him. Because of this the accused is entitled to have the particulars or the facts alleged to constitute an overt act stated in the indictment."

To the same effect is *Graves* v. *State,* 134 Miss. 547, 99 So. 364; *State* v. *Burton,* 145 Miss. 821, 111 So. 300; *Stapleton* v. *State,* 130 Miss. 737, 95 So. 86; *Pruitt* v. *State,* 116 Miss. 33, 76 So. 761; *Montgomery* v. *State,* 107 Miss. 518, 65 So. 572; *Jimerson* v. *State,* 93 Miss. 685, 46 So. 948; *Brady* v. *State,* 128 Miss. 575, 91 So. 277.

It will also be noted, from the affidavit, it does not allege that the check was not paid because the defendant had not a sufficient deposit in the bank, nor because he had, after giving the check, withdrawn the funds.

It is true that the statute (section 943, Hemingway's Code of 1927) prescribes a form of affidavit, but this form leaves out the gist of the offense contained in section 942, the allegation that he obtained credit, money, goods, or other property, and omitted a description of such property. It is not now necessary to determine whether this form, if properly made out, would suffice, and constitute an adequate affidavit; but there is such grave doubt in reference thereto that we think it would be wise for the prosecuting attorneys, and other officers prosecuting or desiring prosecution, to incorporate in the affidavit an averment as to the nature and character of the property so received, alleging that it was received by virtue of the giving of said check, and the allegation that the check was not paid because at the time of giving it the defendant had no funds in the bank.

It sometimes happens that a check is given, and through mistake on the part of the bank or depository,

it is not paid when there are sufficient funds in the bank for that purpose.. It is true, this does not often happen. But it would be better pleading to allege that the check was not paid because there were not sufficient funds in the bank or depository with which to pay it.

We also think it would be wise to state in the allegation that the giver of the check knew at the time that he did not have such funds, or that he subsequently withdrew the funds, knowing at the time that there was not sufficient remaining with which to pay the check. There was no request in the court below for leave to amend the affidavit, and the court properly sustained the demurrer, and discharged the accused.

The judgment of the court, accordingly, must be affirmed.

*Affirmed.*