STATE *v.* LINDSEY.

(In Banc. December 8, 1947.)

[32 So. (2d) 876. No. 36580.]

**Greek L. Rice,** Attorney General, by **Geo. H. Ethridge,** Assistant Attorney General, for appellant.

**Alexander & Feduccia,** of Cleveland, for appellee.

**L. A. Smith, Sr., J.,** delivered the opinion of the court.

Appellee was indicted by the grand jury of Bolivar County on the charge of attempted rape. Omitting the formal parts, the indictment charged that the defendant there, appellee here, "did then and there wilfully, unlawfully, feloniously, and forcibly design, endeavor and attempt to commit the crime of rape upon the person of Mrs. Marie Howell, a female, and did further such design, endeavor and attempt to commit said offense by stalking, chasing and running after the said Mrs. Marie Howell, to the extent of almost exhausting her, in a lonesome and secluded place in the country where no one else was present, with intent of the said L. C. Lindsey to wilfully, unlawfully, feloniously and forcibly to rape, ravish and carnally know the said Mrs. Marie Howell, which said offense he was prevented from committing by her reaching an acquaintance from whom she received help and protection, except for which help and protection the said L. C. Lindsey would wilfully, unlawfully, feloniously and forcibly have committed said offense of rape upon the person of the said Mrs. Marie Howell."

To this indictment appellee demurred on several grounds: that it charged no offense known to the law; that it "does not allege any overt acts from which an attempt to rape could be proven"; and that it "does not charge that he said anything to her evincing any attempt to rape," . . . "he laid his hands upon her, . . . or that he did anything except chase and run after her, so that it would be mere guesswork and surmise as to whether he intended to kill or injure her, or to rob her, to rape her." This demurrer was sustained by the court, and the State appealed.

It is argued by the State that the indictment is not open to demurrer because of the applicable code section, and

certain decisions of this Court. Section 2017, Code 1942; Moore v. State, 102 Miss. 148, 59 So. 3; State v. Wade, 102 Miss. 711, 59 So. 880; Stokes v. State, 92 Miss. 415, 46 So. 627, 21 L. R. A. (N. S.) 898; and Thompson v. State, 124 Miss. 463, 86 So. 871.

The gravamen of the offense of an attempt to commit a crime is fixed by the statutory requirement that the defendant must do an overt act toward the commission thereof and be prevented from its consummation. The indictment here fixed the overt act in the following language of the indictment: "did further such design, endeavor and attempt to commit said offense by stalking, chasing and running after the said Mrs. Marie Howell, to the extent of almost exhausting her, in a lonesome and secluded place in the country where no one else was present." As set out in the demurrer, the defendant's purpose, from the verbiage used, could have equally been murder, assault and battery, robbery or rape. The alleged overt act here described does not exclusively relate to rape; is not solely germane to or cognate with rape alone, and hence, in the instant case, is too remote as an element of rape. Certainly, this language is not mere surplusage; it describes the statutory basis of the crime, the overt act, and the State could not have been permitted to alter or expand it by inconsistent or supplemental evidence, which exceeded the limits of the charge in the indictment. We have declared that before punishment can be inflicted for a crime, based on a statute, the case must be plainly and unmistakably within the state. Cleveland v. State, 129 Miss. 400, 92 So. 555. Since the indictment in the case at bar concededly has the statute as its basis, we cannot, with confidence, say it is plainly and unmistakably within it, where the overt act alleged could, with equal correctness, be ascribed to murder, robbery, or rape.

An indictment charged that a certain man and woman "did lewdly and unlawfully cohabit together in adultery." The indictment was drawn under Section 1029,

Code 1906, now Section 1998, Code 1942, which provides that "If any man and woman shall unlawfully cohabit, whether in adultery or fornication, they shall be fined," and so forth. The statute permits proof of guilt to be made by circumstances showing habitual sexual intercourse. At the trial, the state failed to prove that either party was married. On motion of the defendant for a peremptory instruction, the trial court permitted an amendment to the indictment, striking out the words, "in adultery." The Attorney General argued, on appeal, that an insertion in the indictment of "in adultery" was harmless and mere surplusage. This Court, in reversing the judgment for this erroneous ruling of the trial judge said: "We think that the charge of cohabitation 'in adultery' was a matter of substance in the indictment, and should have been proved by the State, since the grand jury had charged that the unlawful cohabitation was a cohabitation by the parties 'in adultery.'" Kemp v. State, 121 Miss. 580, 83 So. 744, 745. Analogously, the indictment at bar contains the description of the alleged overt act, and hence made the act so described "A matter of substance in the indictment." It was not mere surplusage.

In Stokes v. State, supra, cited by the State, discussing attempt to commit a crime, we said [92 Miss. 415, 46 So. 628]: "The mere buying of a gun and loading it might not constitute an attempt. But when the facts show, in furtherance of the design, that a gun has been procured and loaded, and the party so procuring and loading the gun has armed himself and started out on his mission to kill, but is prevented from carrying out his design by such extraneous circumstances as that the party he intends to kill does not come to the point where he expected to carry out his design, or if the party designing to kill is arrested and prevented from carrying out his design, he is clearly guilty of the attempt. When Stokes attempted to procure Robertson to perpetrate his crime, and in furtherance of this purpose took the gun, loaded it, and started with him to the point where the killing was to

occur, the act was an act done tending to effect the commission of the crime, within the meaning of section 1049 of the Code [1906], and was an attempt. . . . '' In that case the charge was assault and battery with intent to kill and murder, and the overt act was such as was unattributable to any other crime than one involving the intent to murder; but in the case at bar, the alleged overt act would form the foundation for an intent to rob, rape or murder, as stated supra. In the case of Moore v. State, cited by the Attorney General, the demurrer was properly overruled, because the language of the indictment charged an offense at the common law, a misdemeanor. It did not set out the overt act, as here. In that case, as a matter of interest, it may be noted that the alleged attempting rapist had intruded himself, at night, into the bed beside his intended victim, whose screams frightened him away before accomplishing his purpose.

The indictment in the case of State v. Wade, ante, charged, that the defendant ''did unlawfully and designedly, with actual violence, made an assault upon the body of one Fannie Sample, a female, and said Ben Wade, Jr., therein did then and there lay hold of the body of the said Fannie Sample, and her, the said Fannie Sample, did then and there throw her, said Fannie Sample, upon the bed of said Fannie Sample, then and there situate, with the felonious intent, design and endeavor her, the said Fannie Sample, violently, knowingly, forcibly, and against her will feloniously to ravish and carnally know.'' The overt act set out in that indictment could reasonably pertain to no crime except rape,—quite unlike the indictment in the case at bar. The Court said, however, in the cited case that in order to charge an attempt to commit a crime, it is only necessary to allege an attempt so to do, coupled with an act toward it, falling short of the thing intended. In the case before us now, the indictment incorporates within its terms a definite, detailed description of the alleged ''act toward'' the completion of the frustrated attempt, and it is insufficient as an overt act

in the commission of the particular crime involved, and so the indictment is demurrable as not charging any crime known to the law.

An important case in Mississippi dealing with attempted rape is Green v. State, 67 Miss. 356, 7 So. 326, where we said "We may conjecture the purpose of the defendant to have been to commit a rape, but, on the facts disclosed, it is conjecture only, and not an inference reasonably drawn from the evidence. The probabilities may be greater than a rape was intended rather than robbery or murder; but mere probability of guilt of a particular crime, and that, too, springing more from instinct than from the proved facts, cannot support a verdict of guilty." In the Green case, the alleged overt "act toward" the criminal intent to rape was that a white woman was riding alone on the highway, followed by a Negro stranger, on foot, who ran up and caught her riding skirt with one hand, whereupon she whipped up her horse and escaped, the Negro fleeing in another direction. This was held to be an insufficient overt act, to form an attempt to commit rape, as shown by the above quotation from the case.

In our opinion, the action of the trial judge in sustaining the demurrer on the grounds assigned therein was correct, and the judgment of the lower court is affirmed.

Affirmed.