GILLESPIE, Chief Justice, for the court :
Roosevelt Harris appeals from a conviction in the Circuit Court of Leflore County of the crime of attempted robbery. The sentence was ten years, with five years suspended.
Mrs. R. T. Pigg operated a liquor store in Greenwood. While standing in the back of the building she heard the front door open and saw a man wearing a face mask enter the store on the run. Mrs. Pigg started toward the counter to press an alarm button which was connected to the police department. The man jumped the counter before she reached the alarm button, grabbed her, pulled both of her arms behind her and began pushing her toward the. cash register, while she struggled to get to the alarm button. In the meantime, another man, who was unmasked, entered the store and stood on the other side of the counter near the cash register. Mrs. Pigg freed one arm and pressed the alarm button. At that point the unmasked man said, “Let’s get out of here quick,” and left immediately. The man who was struggling with Mrs.. Pigg loosened his grip, jumped over the counter and ran for the door. Mrs. Pigg grabbed a gun from a counter near the cash register and fired as the masked man left the door. Policemen arrived shortly and found the defendant, Roosevelt Harris, lying between some railroad tracks near the liquor store. He had been seriously wounded by gunfire. A pullover type cap, with a slit cut in it, was lying near his left leg.
Of the several assignments of error briefed and argued, only one requires discussion.
Relying upon the case of State v. Lindsey, 202 Miss. 896, 32 So.2d 876 (1947), the defendant contends that the indictment is insufficient to charge the crime of attempted robbery in that the overt act was not sufficiently charged. The overt act charged in the indictment is as follows:
entry into the store, physically grabbing Mrs. R. T. Pigg and forcing her toward the cash register, and desisting and fleeing on learning that Mrs. R. T. Pigg had activated an alarm.
It is defendant’s contention that it is mere guesswork as to whether the defendant intended to kill, injure, rape, rob or kidnap Mrs. Pigg. In Lindsey, the Court used language that might be construed as holding that unless the overt act charged in the indictment relates exclusively to the crime charged, the indictment is insufficient. We are of the opinion that Lindsey is distinguishable from the instant case in that the overt act of physically grabbing Mrs. Pigg and forcing her to the cash register manifestly relates to robbery and not to rape, intent to kill, or intent to kidnap. Moreover, Lindsey could not rationally be construed as laying down a rule that the overt act must relate exclusively to the crime named in the • indictment. A great many attempts to commit crimes involve overt acts that could relate to more than one cirme. For instance, every armed robbery involves an assault. In the instant case, there was an assault and battery committed upon Mrs. Pigg. Where the overt act charged is manifestly adapted to effec-. tuate the offense, the overt act is sufficiently charged. State v. Burton, 145 Miss. 821, 111 So. 300 (1927). We are of the opinion that the overt act charged was manifestly adapted to effectuate the purpose of robbing Mrs. Pigg.
AFFIRMED.
PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.