ROY NOBLE LEE, Justice,
for the Court:
Fred James Perry was indicted, tried and convicted in the Circuit Court of the First Judicial District of Hinds County, Honorable William F. Coleman, presiding, for attempted armed robbery of the Jackson Square Branch of Unifirst Savings and Loan, and was sentenced to thirty (30) years, with ten (10) years suspended, in the custody of the Mississippi Department of Corrections. Perry has appealed and assigns two errors in the trial below.
I.
Did the circuit court err in overruling appellant’s motion for a directed verdict based on failure to prove all the elements of the crime?
The facts are uncontradicted, since the appellant rested his case upon conclusion of the State’s evidence. Three female employees of the Jackson Square Branch of Uni-first Savings and Loan testified for the State. Their testimony is to the effect that, at approximately 12:50 p.m. on June 23, 1981, Barbara Littlejohn, a teller and savings counselor, was sitting in a lounge area just off the main lobby of the savings and loan when two men entered the building. The first approached the counter where another teller, Carolyn Woullard, was on duty, and pulled a gun while the *681 second approached the branch manager, Mrs. Peggy Perkins, who was seated at her desk. The first man then approached the lounge area and grabbed Ms. Littlejohn and forced her and another female employee to stand against the wall, telling them not to move. He went behind the counter and scuffled with Mrs. Woullard, who was still sitting at the counter. The second man was holding a gun on Ms. Perkins, and she attempted to press a button for the purpose of activating the security cameras. He saw Ms. Perkins and snatched her arm away, telling her not to push the button. At this point, a car drove into the drive-in teller area, which activated a bell or buzzer to signal that a customer was at the drive-in window. The bandits, apparently thinking that an alarm was set off, fled from the savings and loan.
Mrs. Patsy Walker was the customer who drove into the drive-in window. She saw the two men leaving the bank armed with pistols, and she particularly noticed them. Ms. Walker was able to identify appellant as one of the men, and she identified a picture of the car, a blue Cadillac with dark vinyl top, and saw it leave, turning north on Terry Road.
The witnesses gave a good description of the would-be robbers. The first was a tall black male wearing a tan or beige suit and a straw cowboy hat. The second was a black male wearing darker clothing, blue jeans and tennis shoes. Later, the employees identified those men.
Detective Carey Bass and another officer from the Jackson Police Department were driving in a patrol unit on Terry Road when they heard the bank alarm broadcast on the radio. Within seconds, they arrived at the bank, obtained a description of the getaways, and put the descriptions on the police radio.
Officer Vincent Graef of the Jackson Police Department was driving south on Interstate 55 when he heard the radio descriptions of the suspects. About one minute later, he saw the suspected car, a blue Cadillac, headed north, approaching the Pearl Street exit. Officer Graef drove across the median, followed the ear and radioed for backup help. When the car took the Pearl Street exit, his backup help arrived, he turned on his blue lights and stopped the Cadillac. The suspect on the passenger side had been lying down in the seat and sat up when the car was stopped. The suspects were placed under arrest and advised of their rights. Officer Graef searched the automobile and found a beige jacket stuffed beneath the driver’s seat, also a pillowcase and a .25-caliber automatic pistol in the pockets of the jacket. He also saw a straw cowboy hat on the backseat of the vehicle.
Appellant contends that the State failed to prove a specific intent to take money, since the evidence only showed that appellant entered the building and pointed a gun at an employee while his partner assaulted the other employees, and that, no demand having been made for money, those acts could indicate the probability of other offenses such as kidnapping, rape, or murder, rather than robbery. That argument is frivolous. Mississippi Code Annotated § 97-3-79 (Supp.1972) defines the crime of armed robbery as follows:
Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by vio-, lence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery and, upon conviction, shall be imprisoned for life in the state penitentiary if the penalty is so fixed by the jury; and in cases where the jury fails to fix the penalty at imprisonment for life in the state penitentiary the court shall fix the penalty at imprisonment in the state penitentiary for any term not less than three (9) years.
The indictment follows the statute. In Harris v. State, 329 So.2d 525 (Miss.1976), involving robbery, Harris made a similar argument, and the Court said:
It is defendant’s contention that it is mere guesswork as to whether the defendant intended to kill, injure, rape, rob *682 or kidnap Mrs. Pigg. In [State v.] Lindsey, [202 Miss. 896, 32 So.2d 876 (1947)] the Court used language that'might be construed as holding that unless the overt act charged in the indictment relates exclusively to the crime charged, the indictment 1s insufficient. We are of the opinion that Lindsey is distinguishable from the instant case in that the overt act of physically grabbing Mrs. Pigg and forcing her to the cash register manifestly relates to robbery and not to rape, intent to kill, or intent to kidnap. Moreover, Lindsey could not rationally be construed as laying down a rule that the overt act must relate exclusively to the crime named in the indictment. A great many attempts to commit crimes involve overt acts that could relate to more than one crime. For instance, every armed robbery involves an assault. In the instant case, there was an assault and battery committed upon Mrs. Pigg. Where the overt act charged is manifestly adapted to effectuate the offense, the overt act is sufficiently charged. State v. Burton, 145 Miss. 821, 111 So. 300 (1927). We are of the opinion that the overt act charged was manifestly adapted to effectuate the purpose of robbing Mrs. Pigg. [329 So.2d at 526],
The specific intent to rob was shown in the present case overwhelmingly by all of the facts and the inferences. See Voyles v. State, 362 So.2d 1236 (Miss.1978) and Ryals v. State, 305 So.2d 354 (Miss.1974). There is no merit in the first assignment.
II.
Did the circuit court err in refusing Jury Instruction D-7 concerning the presumption of innocence?
The lower court granted Instruction C-2 and refused defendant’s requested Instruction D-7. They follow:

Instruction C-2

The law presumes every person charged with the commission of a crime to be innocent. This presumption places upon the State the burden of proving the defendant guilty of every material element of the crime with which he is charged. Before you can return a verdict of guilty, the State must prove to your satisfaction beyond a reasonable doubt that the defendant is guilty. The presumption of innocence attends the defendant throughout the trial and prevails at its close unless overcome by evidence which satisfies the Jury of his guilt beyond a reasonable doubt. The defendant is not required to prove his innocence.

Instruction D-7

The Court instructs the jury that it is your sworn duty to commence the investigation of this case with the presumption that the defendant is innocent of the crime with which he is charged; and it is equally your duty to enter upon the consideration of each fact and circumstance in evidence, having in your minds at all times the presumption that the defendant is innocent, applying to every such fact and circumstance the presumption of innocence.
The presumption is not an idle form, but it is a fundamental and important part of the law of the land, and you should act upon this presumption throughout your consideration of the evidence, unless it shall have been overcome by proof of guilt so strong, so credible and so conclusive as to convince your minds beyond every reasonable doubt that the defendant is guilty.
The trial court is not required to give instructions which say the same thing in different language, and should not give cumulative instructions. The Assignment No. II is obviously without merit. Miller v. State, 399 So.2d 1338 (Miss.1981); Ragan v. State, 318 So.2d 879 (Miss.1975).
There being no reversible errors in the trial below, the judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.