445 So.2d 1369 (1984)
Grady HARRIS
v.
STATE of Mississippi.
No. 54714.
Supreme Court of Mississippi.
February 8, 1984.
Rehearing Denied March 14, 1984.
Merrida P. Coxwell, Jr., Jackson, for appellant.
Bill Allain, Atty. Gen. by Frankie Walton White, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before BROOM, HAWKINS and DAN M. LEE, JJ.
DAN M. LEE, Justice, for the Court:
Grady Harris was convicted in the Circuit Court of the First Judicial District of Hinds County on the charge of attempted armed robbery. He was sentenced to twenty-five (25) years in the custody of the Mississippi Department of Corrections with fifteen (15) years suspended. Following that conviction and sentence, Harris brings this appeal and assigns as error the following:
Point I: The indictment is fatally defective for the reasons that (a) it charges appellant attempted to steal, rob, seize, take and carry away said money; (b) fails to charge sufficient overt acts.
Point II: The evidence is sufficient to prove the appellant committed an overt act toward the commission of the crime of attempted armed robbery.
Point III: The appellant was prejudiced and denied a fair trial by the prosecutor's closing argument which diverted *1370 from the facts and appealed to sympathy, bias and passion.
Point IV: The Court committed reversible error by refusing to grant appellant's instructions 12 and/or 13 defining a lesser included offense.
On September 8, 1982, at approximately 10:00 p.m., Grady Harris, the appellant, entered the rear service door of the Pizza Hut located on Robinson Road in Jackson, Mississippi. He carried a gun and had a shower cap over a portion of his face as he walked in a crouched position. Janet Huffman, senior shift leader at the Pizza Hut, was counting money at her desk in the back part of the establishment when Harris appeared and pointed his gun at her. Huffman then called to Terry Wigley, the cook on duty in the front part of the building, to call the police. Harris went to the front of the building to force Wigley, at gunpoint, to come back to where he was holding Huffman. While Harris was gone Huffman dropped the money in a desk drawer. Both Wigley and Huffman were afraid that they were going to be killed. By this time customers in the Pizza Hut had become alerted by the disturbance. The shower cap fell from Harris' face, giving Huffman and Wigley a clear view of him, and Harris suddenly ran out the back door. Huffman and Wigley then locked the doors and called the police, giving a full description of Harris, his clothing, the gun, shower cap, and his car.
Between 10:30 and 11:00 p.m. that evening Harris was stopped by the Jackson Police who were able to match the descriptions supplied by Huffman and Wigley. In the car they found two shower caps. The car was also occupied by Charles Jones.
Harris later gave an oral statement to Officers Tom Wilson and Ronald Patton after signing a waiver of rights. In that statement Harris admitted that he had planned to rob the Pizza Hut that evening. He also stated that he put a shower cap over his head, went into the building, pulled out a gun and demanded money. He completely exonerated Charles Jones from any involvement in the attempted robbery.
Harris' first assignment of error is that the indictment which charged him with this crime is fatally defective for two reasons: (1) It charges both attempted robbery and the completion of the offense; and (2) it fails to charge sufficient overt acts. These issues may be settled by reference to § 97-3-79 Miss. Code Ann. (Supp. 1983):
Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery and, upon conviction, shall be imprisoned for life in the state penitentiary if the penalty is so fixed by the jury; and in cases where the jury fails to fix the penalty at imprisonment for life in the state penitentiary the court shall fix the penalty at imprisonment in the state penitentiary for any term not less than than three (3) years.
Comparison of the above quoted code section and the indictment reveal that in Mississippi both an attempt to take and an actual taking of another's personal property against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon constitutes robbery. Therefore, the wording of the indictment comports with the law as defined by § 97-3-79 Miss. Code Ann. (Supp. 1983).
Harris next argues that the evidence was insufficient to prove the commission of an overt act for the crime of attempted armed robbery. This argument is without merit. Evidence for the state indicated that Harris entered the back door of the Pizza Hut wearing a shower cap over his face and pointing a pistol at the employees. On facts substantially similar to these, this Court has upheld a conviction of attempted armed robbery. Perry v. State, 435 So.2d 680 (Miss. 1983). In Perry we stated:

*1371 Appellant contends that the state failed to prove a specific intent to take money, since the evidence only showed that appellant entered the building and pointed a gun at an employee while his partner assaulted the other employees, and that, no demand having been made for money, those acts could indicate the probability of other offenses such as kidnapping, rape, or murder, rather than robbery. That argument is frivolous.
435 So.2d at 681.
In the instant case there is even more evidence than in Perry that it was Harris' intent to commit a robbery. Here, Harris gave a statement to Officers Tom Wilson and Ronald Patton admitting that he intended to rob the Pizza Hut. Viewing the evidence in a light most favorable to the verdict and applying common sense, we find no merit in this assignment of error.
We have reviewed the other assignments of error and find them without merit. Therefore, based on all of the foregoing, we hereby affirm Harris' conviction and the sentence imposed by the lower court.
AFFIRMED.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and ROY NOBLE LEE, BOWLING, HAWKINS, PRATHER and ROBERTSON, JJ., concur.