McMILLIN, C.J.,
for the court:
¶ 1. Greg Houston, in a pro se brief, appeals from an order of the Circuit Court of Chickasaw County denying his petition for post-conviction relief. Houston filed the petition after previously entering a guilty plea to a charge of armed robbery. He claims that he received ineffective assistance of counsel, which resulted in his inappropriately agreeing to plead guilty. Specifically, he alleges that his attorney permitted him to plead guilty to armed robbery when the underlying facts of the case as established by the State’s own police investigative reports, even if proven in court, were insufficient as a matter of law to establish the charge.
¶ 2. The trial court denied Houston’s motion without hearing, finding the motion to be without merit on its face. We agree and affirm.
¶ 3. Houston bases his argument on the proposition that he was charged with armed robbery, but that the investigating officer’s report indicates that nothing of value was actually taken in the incident. He argues that an actual taking is an essential element of the crime of armed robbery and seems to be contending that, at best, he could only have been guilty of attempted armed robbery. The police report, filed as an exhibit to Houston’s motion, recites that Houston and accomplice entered a package liquor store for the purpose of robbing it, and that, in furtherance of that purpose, one of the assailants fired a handgun wounding the store owner as he ducked behind the counter. However, rather than surrendering to the robbery, the wounded owner rose from behind the counter armed with his own weapon and began firing at the robbers, causing them to flee before actually obtaining anything of value from the store.
¶ 4. The fallacy in Houston’s argument is best seen by considering the holding of the Mississippi Supreme Court in the case of Harris v. State that
in Mississippi both an attempt to take and an actual taking of another’s personal property against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon constitutes robbery.
Harris v. State, 445 So.2d 1369, 1370 (Miss.1984) (emphasis in original).
¶ 5. We note that Houston does not contend that the facts were otherwise than contained in the police report. Rather, he stakes his entire claim on the proposition that those facts do not, as a matter of law, constitute the crime of armed robbery. The facts of the incident as reported by the investigating officer are sufficient to establish the crime as charged in the indictment under Harris v. State. Houston’s argument is, therefore, without merit.
¶ 6. THE JUDGMENT OF THE CIRCUIT COURT OF CHICKASAW COUNTY, SECOND JUDICIAL DISTRICT, DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO CHICKASAW COUNTY.
KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ„ concur.