## A. H. AKROYD v. STATE.

[64 South. 936.]

1. LARCENY. *Acts constituting. Obtaining possession of property fraudulently with felonious intent. Criminal law. Instructions. Request. Necessity for. Witnesses. Cross-examination of accused. Extent. Appeal. Record.*
   If the possession of personal property is obtained fraudulently, with the felonious intent existing at the time to deprive the owner thereof, and the person so obtaining it does, in pursuance of such intent, deprive the owner of the property, larceny is thereby committed.

2. CRIMINAL LAW. *Instructions. Request. Necessity.*
   The court is not required to give an instruction on an issue arising in the case unless requested so to do.

3. LARCENY. *Evidence. Instructions.*
   An instruction defining larceny, was unobjectionable, where the issue was whether accused lawfully obtained possession of the property and then converted it to his own use, and hence was not guilty of larceny, or whether he obtained possession fraudulently, with the felonious intent at the time to deprive the owner thereof, followed by conversion, which would make him guilty of larceny.

4. WITNESSES. *Cross-examination of accused. Extent.*
   The state has the right to cross-examine a defendant about matters testified to by him in his examination in chief.

5. APPEAL. *Record.*
   Where the record on appeal does not disclose that the circuit judge made statements to the jury attributed to him in the assignment of errors the supreme court will not consider such assignment.

APPEAL from the circuit court of Jones county.

HON. PAUL B. JOHNSON, Judge.

A. H. Akroyd was convicted of larceny and appeals.

Appellant assigns among other errors, the granting of the only instruction given for the state, which is as fol-

lows: "The court charges the jury, for the state, that if you believe from the evidence beyond a reasonable doubt that the defendant unlawfully and feloniously took, stole, and carried away the finger ring, of the value of thirty-five dollars, of the property of M. Jacobs, as charged in the indictment, then it is the sworn duty of the jury to find the defendant guilty as charged in the indictment."

He also assigns as error the action of the court in permitting the district attorney to cross-examine the defendant, who testified in his own behalf, as to certain alleged wrongful dealings with an associate in the state of Louisiana. He had no counsel in the lower court, and his evidence shows that he first referred to the dealings in Louisiana, and the district attorney, without any objection from him, went into the matter further on cross-examination.

On appeal, one of the assignments of error is predicated on certain remarks alleged to have been made by the judge to the jury as they were retiring to consider their verdict, to wit: "Hurry back, gentlemen. We have another case to try this morning, and we want to get through." The record, however, shows that no bill of exception was taken, and the remarks of the court, if made at all, are not preserved in the record.

*D. B. Cooley,* for appellant.

To constitute the offense of larceny, the goods alleged to have been stolen must have been wrongfully or fraudulently taken and carried away, with the intent to convert them to the taker's own use. If there be no such intention, it amounts to a trespass only, and not larceny. If the taken be open and in the presence of the owner, or other persons, it carried with it evidence that it is only a trespass.

To constitute larceny, a felonious taking is essential. If the original taking is lawful and in good faith, a sub-

sequent fraudulent conversion is not larceny, because there is no trespass. *McDaniel* v. *State,* 8 S. & M. 401; *Littlejohn* v. *State,* 59 Miss. 276; *Buchanan* v. *State,* 5 So. 618; *Beatty* v. *State,* 61 Miss. 18.

I submit that it is only necessary to define the offense of larceny to demonstrate, beyond question, that the evidence in this case wholly fails to make out the crime of larceny. Was there a trespass in the taking of the ring? That the defendant came into the lawful possession of the ring is established by the evidence of every witness. The ring was delivered to defendant by Jacobs after the price was agreed upon; and the only conflict in the evidence is as to the time when the ring was to be paid for. There being no trespass in the taking of the ring by the defendant, the giving of any instruction, predicated upon the guilt of the defendant of the crime charged against him, was error. A taking by the voluntary consent of the owner, or his authorized servant or agent, even though with a felonious intent, does not constitute larceny. *Lowe* v. *State,* 32 So. 956.

Where the owner of a bill intrusts it to another to take away and get changed and return with the change, the possession of the bill is intrusted to him; and if he afterwards makes off with it, it is not larceny but a breach of trust; 25 Cyc. 25.

*J. M. Vardaman,* for the state.

The first two assignments of error relate to the instruction given the state by the court and the refusal of the court to instruct the jury to find defendant "not guilty." From a careful reading of the record in this case, I am of the opinion that the facts justified the court in letting the matter go to the jury and submit that the court did this in the proper manner and that his action should be upheld.

The third assignment of error relates to the district attorney being allowed to introduce evidence of appel-

lant's wrongful dealings with a Colonel Faigan in Louisiana. The record in this case shows that the only mention of appellant's dealing with Colonel Faigan appears in appellant's own testimony, which was a voluntary statement by him and I submit that he cannot be heard to complain at this late day of his own error. I assume that the pricks of his conscience prompted him to make the statement complained of.

As the fourth and fifth assignments relate to the law and evidence of the case, I will let the record speak for itself.

The fifth assignment of error is as follows: ''Because the court erred in using, substantially, the following language to the jury when it was retiring to consider its verdict, to wit: 'Hurry back gentlemen; we have another case to try this morning, and we want to get through.' ''

If any objection was to have been taken to this remark it should have been done by setting the remark out in a special bill of exceptions as provided for in the Code, and I submit that the failure of counsel to take this step precludes this court from passing on this question. Granting for the sake of argument that the remark is properly in the record, I can see absolutely no prejudice to defendant contained therein. The remark complained of was simply an admonition to the jury by the trial judge that they should be diligent in their work and not while away their time as some juries are prone to do, and I think the court should be complimented on its desire to push the work of the court rather than criticized for it.

Counsel for appellant in his brief contends that this action of defendant does not constitute the crime of larceny. A case exactly on all fours is set out in 25 Cyc. 25.

''Where parties are engaged in a cash sale the whole transaction is incomplete until the payment is completed; and the possession of the goods remains in the seller and that of the money in the buyer until they are simul-

taneously exchanged. If in such case the buyer gets control of the goods and makes off with them without payment for them he is guilty of larceny.'' 25 Cyc. 25, and cases cited thereunder.

The above facts are exactly the same as the facts in the case at bar. Appellant bought the ring, skipped out and refused to pay for it and under the almost unanimous holding of the courts I submit that he is guilty of the crime charged.

SMITH, C. J., delivered the opinion of the court.

Appellant was convicted in the court below of the crime of larceny. Mr. M. Jacobs was engaged in the jewelry business in the town of Laurel. One day appellant entered his store and asked to be shown a ring. He selected one that he seemed to like, worth thirty-five dollars, and according to the evidence of Jacobs he said that before he purchased it he would like to show it to a man named Sommers, for whom he was working.   To this Jacobs says he agreed, and appellant left the store with the ring, ostensibly for the purpose of showing it to Sommers, before deciding whether or not he would purchase it.   Instead of doing this, however, he left Laurel and came to Jackson, bringing the ring with him, and there pawned it at a pawnshop. According to the evidence of appellant, he purchased the ring from Jacobs on credit.

The assignment of error mainly relied on is that the verdict was not warranted by the evidence; appellant's contention being that no larceny was shown, because under Jacobs's testimony he came lawfully into the possession of the ring, and therefore the subsequent conversion thereof did not constitute larceny. The proposition of law here relied on is a correct one; but, while that is true, it is also true that if the possession of property is obtained fraudulently, with the felonious intent existing at the time to deprive the owner thereof, and the person so obtaining it does in pursuance of such intent deprive

the owner of the property, larceny is thereby committed. *Watson* v. *State,* 36 Miss. 593, 25 Cyc. 40.

On Jacobs' testimony it was for the jury to say whether or not appellant had fraudulently obtained possession of the ring with intent then and there to steal it. The jury were not instructed along this line, but the court was not required so to do unless requested.

The first instruction complained of simply defines larceny, and is therefore unobjectionable.

There is no merit in the objection here urged to the evidence brought out by the district attorney on the cross-examination of appellant, who testified as a witness in his own behalf. The matter inquired into had been testified to on the examination in chief, and, moreover, the cross-examination was conducted without objection being interposed thereto.

The record does not disclose that the circuit judge made the statement to the jury attributed to him in the assignment of error, and therefore it is not presented for our consideration.

*Affirmed.*