## MILLER *v.* STATE.

[95 South. 83.   No. 22962.]

1. CRIMINAL LAW. *Necessary elements constituting crime to "attempt" to commit an offense stated.*

    Section 1049, Code of 1906 (section 777, Hemingway's Code), provides that there are two necessary elements to constitute the crime to attempt to commit an offense: First, the intent to commit the offense; and, second, an overt act towards its commission.

2. INDICTMENT AND INFORMATION. *Accused entitled to have particulars alleged to constitute overt act of crime stated in indictment.*

    Under section 26 of the Constitution of 1890, an accused is entitled to be informed of the nature and cause of the accusation against him. Because of this the accused is entitled to have the particulars or the facts alleged to constitute an overt act stated in the indictment.

3. INDICTMENT AND INFORMATION. *Indictment containing mere conclusion as to commission of overt act charges no offense.*

    Where an indictment merely states that appellant unlawfully and feloniously designed and endeavored to commit the offense of distilling intoxicating liquor, and did then and there perform certain overt acts towards its commission, this statement is not a statement of the facts constituting the overt act, but is a mere conclusion of the pleader, and charges no offense. A demurrer should have been sustained to this indictment.

APPEAL from circuit court of Covington county.

HON. W. H. HUGHES, Judge.

Otho Miller was convicted of an attempt to make intoxicating liquors, and he appeals. Reversed, and defendant held to await action of grand jury.

*E. L. Dent* and *T. W. Crawford,* for appellant.

We submit there is another reason why this case should be reversed, and that is, the court should have sustained the demurrer to the indictment instead of overruling it.

The indictment charges: "Did then and there unlawfully and feloniously attempt, design and endeavor to commit a certain offense, to-wit: to unlawfully and feloniously make and distill intoxicating liquors, and did then and there do and perform certain acts towards the commission of said offense, but was prevented from committing said offense."

The first, third and fifth grounds of demurrer being as follows: 1.   The said indictment charges no offense under the statute. 3.   The indictment wholly fails to show what overt act, if any, was performed by defendant in his attempt, design, and endeavor to make and distill intoxicating liquors. 5.   That said indictment is an attempt to charge the defendant with an attempt to commit a crime under sec. 1049, Code 1906, which indictment wholly fails to comply with either the statute or the common law with reference to charging an attempt to commit a crime."

We take the position, and our position is in keeping with the authorities, that the indictment should have averred that appellant did some specific overt act towards the commission of said offense. That it does not do. It says: "do and perform certain overt acts" towards the commission of said offense. What "certain overt acts" were they? The indictment does not say what acts; we cannot say what acts; and from the indictment, the court cannot say what acts, in determining whether or not the law has been violated.   The law is: Section 1049, Code 1906, section 77, Hemingway's Code: "every person who shall design and endeavor to commit an offense, and shall do any overt act towards the commission thereof, but shall fail therein, etc."

Under this statute relating to attempts, there must be: 1.   A design and endeavor to commit an offense; and 2. Some direct overt act done towards its commission.   The second is an essential element of the offense and should be specifically set forth in the indictment.   We know what design and endeavor means, but we do not know what acts "certain overt acts" are, and appellant should know

what acts the state would rely on to prove the attempt, in order to be able to intelligently answer the charge and not be taken by surprise, and in order that he would not again be tried for the same offense. The doing of an overt act is the very essence of the offense, and some overt act towards the commission of the offense must be set out in the indictment, and this averment cannot be dispensed with by the state, or waived by the appellant. True appellant took advantage of this defect in the indictment by demurrer but we seriously doubt if the indictment would stand the test under the constitutional requirement that appellant had the right to have the nature and cause of the accusation preferred against him clearly and fully stated, even if no demurrer had been interposed. The grand jury had to know what overt acts appellant did toward the commission of the crime before it could find and return the indictment in a lawful manner. It would not have done for the indictment to have read: "did and performed certain overt acts to the grand jurors unknown," because the statute says "and shall do any overt acts towards the commission thereof." If the grand jurors knew of no overt acts done by appellant towards the commission of the offense, they could never have returned the indictment. The doing of an overt act toward the commission of the offense is essential to the indictment, and such act or acts must be substantially set out in the indictment before there can be a valid indictment under the statute or at common law. *Cunningham* v. *State,* 49 Miss. 685; *State* v. *Wade,* 59 So. 880; Bishop's Directions and Forms (2 Ed.), No. 100 to 112, inclusive, and 910 and 911; *Stokes* v. *The State,* 46 So. 627; *Smith* v. *State,* 73 So. 793.

We are not favored with a copy of the indictment in the case of *Powell* v. *The State,* 90 So. 625, decided February 20, 1922, Justice HOLDEN being the organ of the court. This case cites and approves the doctrines set forth in the *Cunningham* and *Stokes cases,* cited *supra.* We cite and assert with confidence that the indictment in the Powell case contains the averment that Powell did some of the

acts set out in the opinion toward the commission of the offense, but we cannot tell from the opinion that any objection was made to the sufficiency of the indictment. *State* v. *Wade,* 59 So. 880; 2 Bishop's New Criminal Procedure, page 39, No. 71: "1. Two Elements.—An indictable attempt consists of a specific intent to do something which constitutes a substantive crime, and an act toward but short of its completion. Hence 2. The doctrine of this chapter is that both these elements must be charged in the indictment; the only question is, how minutely. And the proofs should cover both.

12 Standard Encyclopaedia of Procedure, page 469, is following: "An indictment for an attempt must allege both the intent with which the attempted act was done, and an overt act adapted to produce the effect intended." Cases cited in note 76 from the following courts: U. S. Court, and the following states: Arizona, Connecticut, Florida, Illinois, Indiana, Kansas, Maine, Massachusetts, Missouri, Nevada, North Carolina, New York, Oklahoma, Pennsylvania, Tennessee, Texas, Virginia and West Virginia. *U. S.* v. *Ford,* 34 Fed. 26; *State* v. *Frazier,* 53 Kan. 87, 36 Pac. 58, 42 Am. St. Rep. 275; *People* v. *Young,* 122 Mich., 292, 80 Am. St. Rep. 582, 81 N. W. 114; 6 Cyc. of Law, and Pr., p. 225; See, also, 3 Ency. of Pl. & Pr., p. 799, and cases cited; *Jacob Hogan* v. *State,* 50 Fla. 86; 7 A. & E. Ann. Cases, page 139.

The rule applied in this case, that an indictment must specifically allege and set out the overt act done towards the commission of the offense, is supported by the authorities. See note to above case. 7 A. & E. Ann. Cases, 140; 3 Am. & Eng. Ency. Law (2 Ed.), p. 254; 22 Cyc, p. 363. Also see note 27 thereunder; *Harkness* v. *State,* 48 So. 294; *First Insurance Companies* v. *State,* 75 Miss. 24, at page 39, 22 So. 99, at page 103.

Section 26 of the state constitution accords to every person charged with crime the right to demand the nature and cause of the accusation. The indictment left it uncertain what the state expected to prove, and for this reason it was impossible for the defendant to prepare his de-

fense, if any he had, to the charge attempted to be preferred against him. "The charge in the indictment must be definite and unambiguous." *Montgomery* v. *State,* 65 So. 572; *Jesse* v. *State,* 28 Miss. 100; *Murphy* v. *State,* 24 Miss. 590; *State* v. *Silverberg,* 78 Miss. 863, 29 So. 761.

The common law and the law in every state in the union requires that the indictment set out some overt act toward the commission of the offense unless such an averment is dispenced with by the statute. We respectfully submit that the demurrer to the indictment was well taken and should have been sustained by the court and by reason of the court not sustaining the demurrer this cause is bound to be reversed, and appellant either discharged or held to await the further action of the grand jury.

*H. Talbot Odom,* special assistant attorney-general, for the state.

The next assignment of error presents a more serious question. It is earnestly contended by counsel that the failure of the indictment to set out the overt act of the appellant attempting to manufacture the liquor renders same fatally defective and constitutes reversible error. Counsel's brief on this proposition cites practically all of the leading authorities. As all the courts seem to be in harmony on this question, I deem it unnecessary to cite further authorities on this point. While I am unable to see wherein such omission would be prejudicial or have acted in any way to the harm of the appellant, I am frank to say that I am in doubt as to whether or not this constitutes reversible error.

However, my contention is, as above stated, that such omission did not operate to the prejudice of the appellant. For example, if the appellant had gone to trial on a charge of manufacturing liquor under indictment 1419, then under section 1499, Code of 1906, same being section 1267 of Hemingway's Code, appellant could have been convicted under proper instruction, of an attempt to commit the

same offense.  In such a case he would have had no more
information than he had by the indictment under which he
was tried.  If the overt act had been alleged in the indict-
ment, I am unable to conceive of how this could have better
enabled the appellant to meet the charge against him.  My
position is probably a unique one; however, I submit this
to the court for what it is worth.

SYKES, P. J., delivered the opinion of the court.

The appellant, Otho Miller, with others, was indicted,
tried, and convicted of an attempt to make intoxicating
liquors.  From a judgment of the court sentencing him
to serve one year in the state penitentiary, this appeal is
prosecuted.

Omitting the formal parts of the indictment, it is as
follows:

"That Walter Stapleton, Grover Miller, and Otho Miller,
on the ——— day of April, 1921, in Covington county
aforesaid, did then and there unlawfully and feloniously
attempt, design, and endeavor to commit a certain offense,
to-wit, to unlawfully and feloniously make and distill in-
toxicating liquors, and did then and there do and per-
form certain overt acts towards the commission of said
offense, but was prevented from committing said offense."

A demurrer was overruled to this indictment.  It is the
contention of the appellant that the facts which constitute
the overt act must be set out in the indictment, in order
that the accused may be informed of the nature and cause
of the accusation against him, and further, in order that
the court may be able to determine as a matter of law if the
facts stated constitute an overt act; that the mere stating
in the indictment that these appellants performed certain
overt acts toward the commission of the offense is a mere
conclusion of law; consequently that the indictment charges
no offense.  This indictment was attempted to be drawn
under section 1049, Code of 1906 (section 777, Heming-
way's Code), which reads as follows:

"Every person who shall design and endeavor to commit an offense, and shall do any overt act toward the commission thereof, but shall fail therein, or shall be prevented from committing the same on conviction thereof, shall, where no provision is made by law for the punishment of such offense, be punished as follows: If the offense attempted to be committed be capital, such offense shall be punished by imprisonment in the penitentiary not exceeding ten years; if the offense attempted be punishable by imprisonment in the penitentiary, or by fine and imprisonment in the county jail, then the attempt to commit such offense shall be punished for a period or for an amount not greater than is prescribed for the actual commission of the offense so attempted."

Under this section there are two necessary elements to constitute the offense, first, the intent to commit an offense; and, second, an overt act toward its commission. *State* v. *Wade,* 102 Miss. 711, 59 So. 880; *Cunningham* v. *State,* 49 Miss. 685. As is stated in the case of *Stokes* v. *State,* 92 Miss. 415, 46 So. 627, 21 L. R. A. (N. S.) 898:

"There must be an attempt to commit a crime, and an act toward its consummation. So long as an act rests on bare intention, it is not punishable; but, immediately when an act is done, the law judges, not only of the act done, but of the intent with which it was done, and if accompanied with an unlawful and malicious intent, though the act itself would otherwise have been innocent, the intent being criminal, the act becomes criminal and punishable."

In the case of *State* v. *Wade,* 102 Miss. 711, 59 So. 880, in speaking of this section of the Code, this court said: "This definition of an attempt to commit a crime is the same as at common law."

The correct rule is thus briefly stated in the case of *Hogan* v. *State,* 50 Fla. 86, 39 So. 464, 7 Ann. Cas. 139:

"According to Mr. Bishop, this is but the terms of the common law, and seems to require no change from the common-law indictment; but, as the act done must be such as the law recognizes as adequate, and because the accused

is always entitled to have the particulars of the accusation stated to him, such act must be specifically averred. While not necessary to allege failure in the attempt, it is necessary to set out both the intent and the act"—citing 2 Bishop, New Crim. Proc. 86.

See, also, note to this case, with authorities sustaining this doctrine.

From these authorities it is evident that this indictment charges no offense against this appellant, and that the demurrer thereto should have been sustained.

Judgment reversed, demurrer sustained, and appellant will be held to await the action of the grand jury.

*Judgment reversed.*