STATE *v.* FITZGERALD *et al.*\*

(Division A.   June 11, 1928.)

[117 So. 517.   No. 27275.]

*Corpus Juris-Cyc. References: Criminal Law, 17CJ, p. 283, n. 56; False Pretenses, 25CJ, p. 614, n. 78; p. 637, n. 28, 32; As to sufficiency of allegations in indictment for obtaining money by false pretenses, see 11 R. C. L. 857; 2 R. C. L. Supp. 1332.

*J. A. Lauderdale,* Assistant Attorney-General, for the state.

232

*Price & Price,* for appellees.

McGowen, J. The state appeals from the judgment of the circuit court of Pike county sustaining a demurrer to an indictment against Alex Fitzgerald, a contractor, and H. E. Reeves, a member of the board of supervisors, on a charge of attempting to obtain money under and by virtue of false pretenses.

As the indictment is rather lengthy, we shall not attempt to set it out *in haec verba,* but shall only quote from it such parts as we deem necessary to decide the several points presented.

The indictment, in our opinion, charged that Fitzgerald, a public road contractor, and Reeves, a member of the board of supervisors, falsely represented to the county that Fitzgerald had hauled and spread gravel on the public roads of a certain district, and that they made false representations and jointly endeavored and attempted to obtain from Pike county two thousand, four hundred thirty-six dollars and twenty-eight cents. The indictment alleged that the overt act toward the commission of the crime was the preparation, signing, and approving of the account for said money, and filing the same

with the board of supervisors, falsely stating in the account the kind of gravel hauled by said defendants—in common parlance, "padding the account"—all of which representations were known to be false, that Fitzgerald did not haul and spread the gravel, as represented in the account, and that they were intercepted, and failed in the commission of said offense of false pretenses.

The indictment is drawn under section 1166, Code of 1906 (section 936, Hemingway's 1927 Code), which reads as follows:

"Every person who, with intent to cheat or defraud another, shall designedly, by color of any false token or writing, or by any other false pretense, obtain the signature of any person to any written instrument, or obtain from any person any money, personal property, or valuable thing, upon conviction thereof, shall be punished by imprisonment in the penitentiary not exceeding three years, or in the county jail not exceeding one year, and by fine not exceeding three times the value of the money, property, or thing obtained."

And likewise an attempt to commit a crime is defined in section 1049, Code of 1906 (section 813, Hemingway's 1927 Code), as follows:

"Every person who shall design and endeavor to commit an offense, and shall do any overt act toward the commission thereof, but shall fail therein, or shall be prevented from committing the same, on conviction thereof, shall, where no provision is made by law for the punishment of such offense, be punished as follows," etc.

An attempt to commit false pretenses is an indictable offense at common law, as well as under the statutes quoted *supra*. See Wharton Criminal Law, vol. 1, section 212; Bishop, Directions and Forms (2 Ed.), par. 434. And the latter is authority for the rule that the indictment is sufficient, if it first charges the attempt, and then accurately describes the false pretenses.

In the case of *State* v. *Freeman,* 103 Miss. 764, text page 766, 60 So. 774, 775, the supreme court of this state held, as a requisite for the indictment of false pretenses, as follows:

"In an indictment for false pretenses, it is necessary to charge that the pretenses were false; that the defendant knew them to be false; and he got from another certain money or other valuable things; and that the pretenses were the moving cause whereby the money or things were obtained."

With these general observations, we shall now consider the demurrer. The demurrer attacks the indictment, and alleges that the account set forth in the indictment and alleged by the indictment to have been made out, approved, and filed with the board of supervisors for the purpose of having same allowed, did not constitute an overt act, and counsel cites the case of *Dill* v. *State* (Miss.), 115 So. 203, wherein it was shown, on an indictment for an attempt to manufacture intoxicating liquor, as the overt act, that the defendant had prepared "a compound called mash," and assembled a still in which to distill said mash (a still is necessary in the manufacture of intoxicating liquor); that there was no one present at the still at the time of the arrest of appellant, and that the still was not then quite ready to operate; that the appellant stopped his car about two hundred feet from the still, and came down a trail which led from the road to the still, and, when he had reached a point about fifteen or twenty feet from the still, he was arrested; that another man drove up, but drove away; that the defendant then and there stated that he would have had a fire under the still in fifteen minutes. In that case, we held that the state's evidence showed an intention to commit crime, but that no overt act was done by the defendant, and that he could not be convicted on a mere intention, unsupported by an act in furtherance of that intention. In the Dill case, the defendant was con-

victed of preparing mash and assembling a still with intent to manufacture liquor, while the proof showed that he was only walking toward the still, that he was within ten or fifteen feet of it, in view of it, and that he declared he would have operated the still.

Counsel contend that the mere presentation of a bill to the board of supervisors for allowance on a contract for working the public road, for a certain quantity of gravel, is not a sufficient overt act upon which to base an attempt to obtain money from the county upon a charge of attempting the crime of false pretenses, and cites *Miller* v. *State,* 130 Miss. 730, 95 So. 83, wherein "attempt" is defined. It is there stated that some direct overt act is necessary toward the commission of a crime. Counsel also cites *Montgomery* v. *State,* 107 Miss. 518, 65 So. 572, wherein this court held that an indictment must be definite and unambiguous; that the physical acts which constitute the overt act must be set out in the indictment, so that the court may see whether or not the law has been violated.

The indictment alleges that the account was stated by Fitzgerald, "O. K.'d" by a member of the board of supervisors, and was filed at the instance of the defendants; that the account contained false representations that certain gravel had been spread upon the roads, when, in truth, they then and there knew it had not been so spread. Under this allegation of the indictment, the defendants had, in our judgment, done all they could do toward procuring the allowance of the account. The only thing they failed to do was to receive the warrant from the board of supervisors. The account was presented as a true one to the board of supervisors, who, if they had acted favorably thereon, would have parted with the money. The attempt was complete, because the defendants had done all things necessary to procure the allowance of the account; or, if not all, they had taken sufficient steps to show clearly their intention to collect the money from

the county on the account, by filing the account with the board of supervisors. This was the overt act, and comes within the purview of the requirements of section 813, Code of 1927 (section 1049, Code of 1906), cited *supra*.

■ It is alleged by the demurrer and urged in the brief, that the use of the word "would" where the indictment charges that "the defendants *would* then and there feloniously obtain the sum of two thousand, four hundred thirty-six dollars and twenty-eight cents from Pike county," is erroneous; that the word "did" should have been used instead. The words, "did, then and there," occur frequently in the indictment, and, while the facts of the indictment might be more succinctly stated, there does not seem to be any omission, so far as the word "did" is concerned, which would prejudice the rights of the defendant, or cause him not to be acquainted with the nature of the cause of action against him in this respect.

■ It is insisted that the indictment does not charge the defendant Reeves with the crime of false pretenses. We think it is clearly charged that Reeves and Fitzgerald acted together, and that whatever constitutes the charges against Fitzgerald, in the commission of the crime, likewise constitutes the charges jointly against Reeves. Consequently we see no merit in this contention.

It is insisted that reference is made to a contract for the spreading of gravel on specific roads, and that the purport of the contract is not set out so as to inform the defendants as to how the contract applies to the account presented in the case, that either the contract should have been set forth *in haec verba*, or that the purport of the contract should have been set out, as required or permitted by the statute.

Let it be remembered that this indictment charges that this road contractor and supervisor undertook to secure money from the county by filing a "padded," false account, which they knew to be false, with the board of

supervisors for an allowance, and the only statement with reference to the contract is in this language:

"Alex Fitzgerald and H. E. Reeves, in said county, on or about the 5th day of March, 1923, did, in Pike county, Mississippi, then and there, the said Alex Fitzgerald being a public road contractor to work the public roads of the third supervisors district of Pike county, Mississippi, *under a contract* with the board of supervisors of said county, and the said H. E. Reeves, being, then and there, the duly elected and acting supervisor from the third district of Pike county, Mississippi, they the defendants," etc.

We agree with counsel for appellants that the effort to obtain this money was by virtue of this contract, and it was a material part of the indictment that the defendant be informed as to when the contract was executed and put in force, and the terms in a general way of the contract; but the mere statement that there was a contract is wholly insufficient to put the defendants upon notice of the crime charged. It was by virtue of the contract referred to that the defendants are charged with attempting to obtain money under false pretenses. As we see it, without the contract there would have been no overt act to commit the crime. The indictment is fatally defective, in that it does not set forth the contract *in haec verba*, or, at least, the purport and substance of it, as required by the statute.

Section 1430, Code of 1906 (section 1247, Hemingway's 1927 Code), is as follows:

"Whenever it shall be necessary to make an averment in an indictment as to any instrument, whether the same consist wholly or in part of writing, print, figures, or characters, it shall be sufficient to describe such instrument by any name or designation by which the same may be usually known, or by the purport thereof, without setting out any copy or facsimile of the whole or any part thereof."

It will be noted that there was no effort to set out the purport of the contract, and the defendant and the court are not advised as to how the contract is applicable, save by guess, which is not permissible. In the case of *Roberts v. State*, 72 Miss. 110, 16 So. 233, this court said that the above-quoted section did not dispense with such certainty of description as will clearly identify the offense.

We think the demurrer to the indictment was properly sustained because of the failure to set out the nature, character, and purport of the contract. The contract was a part of the basis of the indictment, and the failure to more accurately set forth its purport is fatal to it.

We do not see any merit in any of the other contentions as to the invalidity of the indictment.

*Affirmed.*