·Williams *v.* State.

Division A. Nov. 13, 1950.

No. 37672 (48 So. (2d) 598)

John H. Culkin, for appellant.

**George H. Ethridge**, Assistant Attorney General, for appellee.

**Lee, J.**

Marie Porter, under certain aliases, was jointly in-dicted with another for an attempted larceny. Her motion for a severance was granted, and on the trial, she was convicted and sentenced to serve a term of three years in the State Penitentiary.

The type of larceny here under review is sometimes called "pigeon dropping", and grows out of the following facts: Tillie Jackson had a joint deposit with her husband, Oliver Jackson, in the First National Bank in Vicksburg, Mississippi. On Saturday, May 19, 1949, she went to town to pay a note. While waiting for the bank to open, she engaged in conversation with one of the indictees, who inquired as to the best bank in town, and where Tillie and her husband kept their money. The appellant came upon the scene, and exhibited a pocket book with money in it. She claimed that she had found it; that it belonged to a white man; and that it had $105 in it. She further admonished Tillie and the other woman not to tell anyone, and she would divide the proceeds with them. Inquiry was made of Tillie as to whether she could get $100 out of the bank without her husband's knowledge. When the reply was in the affirmative, she bade Tillie to get the money in $1 bills so that a division could be effected whereby Tillie would receive $30 for her service and the return of her own money. A dress shop, up the street, in the same block, was designated as the place for the division. Tillie started toward the bank ostensibly to get the money, but, instead of doing so, she told the policeman that the two women were trying to pull a "pigeon dropping" game on her. Officers accompanied her to the dress shop where she pointed out and identified the women. The appellant and her companion evidently suspected a double cross, for, when they went into the dress shop, they asked the proprietor to let them go out the back door. This request being denied, they appeared somewhat nervous as they pretended to look at certain dresses.

The assignments of error all go to the sufficiency of the evidence to sustain the charge.

 It is larceny to obtain fraudulently the property of another with intent to deprive the owner of the property. Akroyd v. State, 107 Miss. 51, 64 So. 936; Hanna v. State, 168 Miss. 352, 151 So. 370; Garvin v. State, 207

Miss. 751, 43 So. (2d) 209, deals with the so-called "pigeon dropping" version of larceny.

 The necessary elements of an attempt are the intent to commit, and the overt act toward its commission. Miller v. State, 130 Miss. 730, 95 So. 83; Dill v. State, 149 Miss. 167, 115 So. 203. Court opinions and textbook writers have acknowledged the futility of laying down a rule to guide in all cases, preferring rather to say that each case must stand upon its own peculiar facts. The rule is well recognized that "whenever the design of a person to commit crime is clearly shown, slight acts done in furtherance of this design will constitute an attempt". Stokes v. State, 92 Miss. 415, 46 So. 627, 629, 21 L. R. A., N. S. 898.

 It is obvious that appellant and her companion designed and intended to obtain fraudulently the money of the Jacksons and convert it to their own use. The acts done in furtherance of that design were not merely slight, but were, in fact, substantial. The appellant and her companion ascertained that the Jacksons had money. They represented that a pocketbook had been found containing $105. The pocketbook and money were exhibited. The Jacksons had money in the bank. The scheme was to get $100 of their money by permitting Tillie to share in the proceeds of the pocketbook. The place for the division was designated. Tillie left the scene ostensibly to get the money. At the designated place, the appellant and her companion appeared to be nervous and sought to escape. The only thing lacking in the consummation of the larceny was the actual delivery of the money.

The proof sustained the charge.

Affirmed.

**Kyle, J.,** took no part in the decision of this case.