KING, P.J.,
for the Court:
¶ 1. George Alexander (Alexander) perfected this appeal from an order of the Lafayette County Circuit Court denying his motion for judgment notwithstanding *1018 the verdict. Alexander was convicted of attempted sexual battery and sentenced to serve twenty years in the custody of the Mississippi Department of Corrections. Alexander’s allegation of error, as taken from his brief, is that the trial court erred in denying defense motions to dismiss for the State’s failure to produce sufficient evidence to convict.
FACTS
¶ 2. Alexander was released from Parch-man after serving ten years on an attempted rape charge. One week after release he entered a health center and assaulted a female staff member (I.M.). I.M. was checking vital signs of a care center resident when Alexander entered the room and began beating I.M. about the face, shoulders, and head. Alexander then dragged I.M. across the room to an unoccupied bed, where he unbuttoned her shirt and pants, and positioned himself between her legs. While Alexander was so engaged, another employee entered the room and observed what was happening. I.M. called out to her for help. Alexander halted his efforts until the employee left the room, after -which he pushed I.M. back on the bed and continued his attempt to disrobe her. The employee returned with help from other nursing home staff, at which point Alexander ran from the room and left the premises.
¶ 3. While fleeing the scene, Alexander left a bag containing his release papers from the Mississippi Department of Corrections. The information contained in the bag provided the police with Alexander’s identification and place of residence. Alexander was arrested a short distance away from the center at his brother’s home.
¶ 4. In November 1998, a Lafayette County jury convicted Alexander of attempted sexual battery. Alexander was sentenced to twenty years in the custody of the Mississippi Department of Corrections. After Alexander’s post trial motions were denied, this appeal followed.
ANALYSIS
¶ 5. Alexander argues that there was not enough evidence to convict him of attempted sexual battery because his acts did not constitute a substantial step toward the commission of the crime. He suggests that the failure to state his intent to I.M. means he could, not be guilty of attempted sexual battery.
¶ 6. In determining challenges to the legal sufficiency of the evidence, the Court views the evidence in a light most favorable to the State. McClain v. State, 625 So.2d 774, 778 (Miss.1993); Fox v. State, 756 So.2d 753 (¶ 13) (Miss.2000). If sufficient evidence exists to support the jury’s verdict, then the conviction will stand. McClain, 625 So.2d at 778. In the case at bar, the State was obligated to provide sufficient evidence to prove the elements of attempted sexual battery. On a charge of attempted sexual battery, the State must show that an overt act toward sexual penetration occurred and the defendant either failed or was prevented from completing the actual penetration. West v. State, 437 So.2d 1212, 1214 (Miss.1983).
¶ 7. The Mississippi Supreme Court has long held that an attempt requires an intent to commit a particular crime, an overt act toward the commission of the crime, and the failure to complete the crime as a result of extraneous causes. Bucklew v. State, 206 So.2d 200, 202 (Miss.1968). In the case now before this Court, the record indicates that Alexander entered the nursing home, located a potential victim and physically assaulted her. He dragged her to an unoccupied bed, unfastened her clothing and positioned himself between her legs. As I.M. struggled, Alexander continued efforts to disrobe her. Only after several staff members responded to I.M.’s cries for help did Alexander abandon his attempt and flee from the premises.
¶ 8. “Whenever the design of a person to commit crime is clearly shown, *1019 slight acts done in furtherance of this design will constitute an attempt.” Bucklew, 206 So.2d at 203. Alexander’s intent was clearly demonstrated by his actions. That intent was interrupted only by the intervention of other nursing home staff members. The record provides sufficient evidence to support Alexander’s conviction of attempted sexual battery.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF LAFAYETTE COUNTY OF CONVICTION OF ATTEMPTED SEXUAL BATTERY AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. LAFAYETTE COUNTY IS TAXED WITH ALL COSTS OF THIS APPEAL.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, IRVING, LEE, MOORE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR.