# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-KA-00088-COA

JONATHAN KEEN A/K/A JONATHAN SCOTT KEEN A/K/A JONATHAN S. KEEN

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 10/22/2012 |
| TRIAL JUDGE: | HON. JOHN HUEY EMFINGER |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | BENJAMIN FREEMAN ROBINSON |
| | MATTHEW ALLEN BALDRIDGE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: LAURA HOGAN TEDDER |
| DISTRICT ATTORNEY: | MICHAEL GUEST |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF CAPITAL MURDER AND SENTENCED, AS A HABITUAL OFFENDER, TO LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION |
| DISPOSITION: | AFFIRMED – 10/21/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., MAXWELL AND JAMES, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1. A Madison County grand jury indicted Jonathan Scott Keen for Count I, capital murder, pursuant to Mississippi Code Annotated section 97-3-19(2)(e) (Rev. 2014), with a

predicate felony of robbery,[1] and Count II, motor-vehicle theft pursuant to Mississippi Code Annotated section 97-17-42(1) (Rev. 2014). The case proceeded to trial on both counts. However, at the close of the State's case, the State moved ore tenus to dismiss Count II of the indictment, and the court granted the motion. The jury found Keen guilty of the remaining count, and the circuit court imposed the statutory sentence of life in the custody of Mississippi Department of Corrections, without eligibility for parole or probation. Keen filed a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial, which the circuit court denied.

¶2. On appeal, Keen argues that (1) the amendment of the indictment broadened the basis for conviction and prejudiced his defense, and (2) the evidence was insufficient to find that Keen committed the predicate offense of robbery. Finding no error, we affirm.

FACTS

¶3. Keen owed his drug dealer, Willie Myers, $400. On the night of October 8, 2011, Keen told Myers that he planned to go to the Ross Barnett Reservoir (Reservoir) to steal a van and sell it for parts, and, in turn, pay back Myers for the drugs that Keen received on credit. Myers drove Keen out to the Reservoir and parked beside a white van, which belonged to the victim, Kerry Prisock. Prisock, a handyman, lived in his van and parked at the Reservoir at night. After a struggle, Keen killed Prisock using a hammer that he had found in the van. Keen admitted that he drove the van, which contained Prisock's body, and

---

[1] The indictment was later amended to charge Keen as a nonviolent habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Supp. 2014).

abandoned it on a dirt road off of the I-55 South Frontage Road in Jackson, Mississippi. Myers testified that he followed the van in his car and that he saw blood on Keen's face and clothing after Keen abandoned the van and began to walk toward Myers's car. Myers took Keen to a motel where they got a room so Keen could change clothes and clean up. According to Myers, Keen changed into clothes that Keen took out of Prisock's van. Incidentally, at this point, Keen was also able to pay Myers the amount that Keen owed for drugs. At trial, it was shown that Prisock had just cashed some checks at his bank.

¶4.     After Keen cleaned up, he asked Myers to take him to New Orleans, Louisiana, and offered to pay Myers $100. Along the way, they made a stop to purchase drugs, for which Keen was able to pay cash. However, once they reached New Orleans, they turned around and drove back to Jackson. Keen asked Myers to drop him off at a friend's home. A few days later, as Myers was driving down a street in Jackson, he spotted Keen and picked him up, and they went to a motel, where Myers had a room.

¶5.     On October 11, 2011, the Jackson police received a phone call informing them that a van with a body in it was located on the I-55 Frontage Road. Corporal Larry Edwards responded to the call and found the van with Prisock's body partially hanging out of it. Prisock's head had been bashed in, and his body was covered in blood. The wounds were consistent with blows from a claw hammer. A bloodstained claw hammer was found in the van. After being located, Myers and Keen were arrested at the motel. At the time of arrest, Keen had a small laceration under his left eye. Upon questioning by the police, Keen confessed to killing Prisock but claimed that he did so in self-defense, stating that Prisock

3

hit him with the hammer first, resulting in a gash under his eye, and that he was afraid for his life, so he "killed him."

¶6.    Myers pleaded guilty to accessory after the fact of murder and to motor-vehicle theft. Keen went to trial. At the conclusion of the State's case, Keen moved for a directed verdict on both counts of the indictment. The circuit court denied the motion as to the capital-murder count, and the State made an ore tenus motion to dismiss the theft count, which the circuit court granted. Keen rested without offering any evidence, and the jury found him guilty of capital murder. Keen filed a post-trial motion for a new trial, which the circuit court denied. Keen now appeals.

## DISCUSSION

¶7.    On appeal, Keen argues that the State, in effect, amended the indictment when it identified Prisock's van, and not his cash, as the personal property of which Prisock was robbed. Keen asserts that, at that point, he was prejudiced, as his defense had been developed on the basis that the State was contending that the item of the robbery was cash. Keen points to the State's opening statement as evidence that the State's theory was that he robbed Prisock of Prisock's cash, not Prisock's van. Keen also argues that the evidence was insufficient to find that he robbed Prisock of the van. On the other hand, the State argues that, pursuant to Mississippi Code Annotated section 99-17-20 (Rev. 2007), a capital-murder indictment, with robbery as the predicate offense, does not have to identity the item that is the subject of the robbery—that only the identity of the offense must be set forth. The State also submits that Keen's defense was not compromised because he was not forced to defend

4

a new theory of the case. Finally, the State asserts that there was enough evidence to support the jury's finding that Prisock was robbed of his van.

¶8.    During Keen's trial, at the end of the State's case, the trial court, citing *Rowland v. State*, 42 So. 3d 503 (Miss. 2010), expressed concern regarding whether Keen could be convicted of capital murder with the predicate felony being robbery of the van, and also of the separate count of theft of the van. The State agreed that the separate theft count may invoke issues of double jeopardy and made an ore tenus motion to dismiss the theft count, explaining that it was the State's theory that the van was the object of the robbery.

¶9.    We agree with the State that section 99-17-20 does not require the personal property that is the subject of the robbery to be identified in a capital-murder indictment containing robbery as the predicate felony. The State's decision to dismiss the separate count involving theft of the van, and its explanation that it was proceeding under the theory that the van was the object of the robbery, did not amend or alter the indictment in any way.[2] That Keen initially believed that the State's theory of the case was that he had robbed Prisock of Prisock's cash, and not his van, changes nothing. Nothing prevented Keen from seeking

_____

[2] The capital-murder count of the indictment reads as follows:

Jonathan Scott Keen, on or about the 8th day of October, 2011, in [Madison County, Mississippi,] and within the jurisdiction of this Court, did, without authority of law and with or without any design to effect death, kill and murder Kerry Prisock, a human being, while the said Jonathan Scott Keen was then and there engaged in the commission of the crime of a robbery, in violation [of Mississippi Code Annotated section] 97-3-73 [(Rev. 2014)] and in violation of [Mississippi Code Annotated section] 97-3-19(2)(e) [(Rev. 2014).]

5

through discovery the identity of the item taken in the robbery. Moreover, the evidence established that Keen robbed Prisock of several items, including Prisock's cash, clothes, beer, and van, any one of which would have been sufficient to constitute robbery.

¶10. While it is clear that the indictment was not amended, we briefly discuss the sufficiency of the indictment, as Keen contends that he was ambushed by the State's decision to dismiss the theft count. In general, an indictment tracking the language of a criminal statute is sufficient to inform a defendant of the charged crime. *Stevens v. State,* 808 So. 2d 908, 919 (¶31) (Miss. 2002). In *Golf v. State*, 14 So. 3d 625, 665 (¶175) (Miss. 2009) (internal citations omitted), the Mississippi Supreme Court stated:

> The purpose of an indictment is to furnish the defendant with notice and a reasonable description of the charges against him so that he may prepare his defense. An indictment is required only to have a clear and concise statement of the elements of the crime with which the defendant is charged.

*Goff v. State,*. In capital- murder cases, except when the underlying felony is burglary, only "the underlying felony that elevates the crime to capital-murder must be identified in the indictment along with the section and subsection of the statute under which the defendant is being charged." *Bennett v. State*, 933 So. 2d 930, 952 (¶84) (Miss. 2006) (citing Miss. Code Ann. § 99-17-20). In this case, that was done. The indictment identified robbery as the underlying felony that elevated the crime to capital murder. As such, Keen's indictment met the legal requirements for capital murder, and as stated, was not later amended.

¶11. As to Keen's contention that the evidence was not sufficient to establish that he robbed Prisock of the van, we look to the evidence that supports the jury's finding that Keen

6

robbed Prisock of the van. "[T]he evidence is to be viewed in the light most consistent with the jury's verdict." *Gray v. State*, 728 So. 2d 36, 62 (¶121) (Miss. 1998). The Mississippi Supreme Court has held that the same standard applies to capital-murder cases. *Id.; see also Mackbee v. State*, 575 So. 2d 16, 36 (Miss. 1990). Mississippi Code Annotated section 97-3-73 (Rev. 2014) states:

> Every person who shall feloniously take the personal property of another, in his presence or from his person and against his will, by violence to his person or by putting such person in fear of some immediate injury to his person, shall be guilty of robbery.

¶12. In this case, Keen told Myers his plan was to steal a van and sell its parts for cash. On the night of October 8, 2011, Myers drove Keen to the Reservoir. Although Keen told police that he "freaked out" and abandoned his intent to "rob" Prisock of anything, his actions do not support his claim. Keen spoke of his intent and carried out the robbery. After approaching the van and finding Prisock, Keen did not walk away. Instead, he started the van, subdued Prisock by clubbing him to death with a claw hammer, and drove off.[3] Keen admitted driving the van. This was further supported by Myers's testimony. Abandonment cannot occur after a crime has begun to take place. *See generally Bucklew v. State,* 206 So.

---

[3] The record is unclear whether Prisock died immediately from the initial blows or whether there was an additional struggle, while Keen was driving the van, resulting in his death. However, this is of no consequence, as Mississippi follows the "one-continuous-transaction" rule for determining whether the evidence establishes the requisite nexus between the killing and the underlying felony to constitute capital murder, no matter whether the victim was killed prior to the robbery. *Gillett v. State*, 56 So. 3d 469, 492 (¶52) (Miss. 2010). "[W]here the two crimes [–] e.g., murder and robbery [–] are connected in a chain of events and occur as part of the res gestae, the crime of capital murder is sustained." *Id.* at (¶50).

2d 200, 204 (Miss. 1968).  Therefore, this issue is without merit.

¶13.    **THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT OF CONVICTION OF CAPITAL MURDER AND SENTENCE, AS A HABITUAL OFFENDER, OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION IS AFFIRMED.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**